## TEXAS INDEMNITY INS. CO. v. WILSON. (No. 309.)*

(Court of Civil Appeals of Texas. Waco. Feb. 11, 1926. Rehearing Denied March 11, 1926.)

**1. Master and servant ⊙≈404—Certified copies of notices to Industrial Accident Board of compensation insurance held admissible on insurer's refusal to produce policy (Rev. St. 1925, art. 8308, § 18a, and Vernon's Ann. Civ. St. Supp. 1918, art. 5246—76).**

Where insurer refused to produce original or certified copy of policy in compensation proceeding, district court properly admitted certified copies of notices from insurer and employer to Industrial Accident Board notifying such board that employer carried insurance, in view of Rev. St. 1925, art. 8308, § 18a, and Vernon's Ann. Civ. St. Supp. 1918, art. 5246—76, providing that certified copy of any record of such board is admissible.

**2. Master and servant ⊙≈405(3).**

Notices from employer and insurer *held* sufficient to prove employer carried workmen's compensation insurance.

**3. Master and servant ⊙≈401.**

It is unnecessary to prove terms of workmen's compensation insurance policy fixed by Rev. St. 1925, art. 8308, § 18a, and Vernon's Ann. Civ. St. Supp. 1918, art. 5246—76.

**4. Master and servant ⊙≈404—Evidence of disability and financial condition of injured workman held admissible on issue of lump sum recovery.**

Where injured workman claimed lump sum as compensation, evidence that he was permanently and totally incapacitated, that he had dependent wife and three children, and had incurred debts to about $650 to support himself after injury, *held* admissible, though witnesses could not state exact amount of debts incurred.

**5. Master and servant ⊙≈418(5)—Compensation insurer held not entitled to object to testimony repeated on cross-examination at insurer's instance.**

Where injured workman, who testified that his indebtedness as result of injury was about $650, repeated such testimony on cross-examination at compensation insurer's instance, latter cannot afterward object to its admissibility.

**6. Appeal and error ⊙≈1050(1)—Doctor's testimony as to cause of workman's condition, if error, held harmless.**

Where doctor, who testified that injury received by workman was, in his opinion, direct and inciting cause of workman's physical condition, was asked on cross-examination to reiterate and detail workman's statement of injury, his testimony, if error, was not reversible.

**7. Evidence ⊙≈547—Medical expert must know circumstances and character of injury in order to give opinion as to whether condition he found resulted from it.**

Medical expert to give opinion as to whether condition found in person examined by him was due to certain injury must know circumstances and character of such injury, either by hypothetical question or by detailed statement of injury by injured party.

**8. Appeal and error ⊙≈1060(1)—Improper argument in itself is not sufficient cause for reversal.**

Improper argument in itself is not sufficient cause for reversal, and becomes ground for reversal only when preponderance of evidence is against verdict, or there is reason to believe that excessive verdict was affected by such argument.

**9. Master and servant ⊙≈404—Evidence of wages received by fellow workmen held admissible in compensation proceeding (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82).**

Where injured workman testified that at time of injury he received $4 a day, and testified as to his salary prior to injury, evidence of wages received by men who worked with him *held* admissible under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82, in determining compensation.

**10. Master and servant ⊙≈417(4)—Issue of whether workman's injury caused permanent total disability held properly submitted under pleadings.**

Where injured workman alleged internal injuries to stomach and injury to leg, resulting in permanent and total disability, and insurer pleaded general denial, issue made by pleadings was whether such injury had caused permanent total disability and as such was properly submitted as against contention that basis of claim before Industrial Accident Board was hernia.

**11. Master and servant ⊙≈417(4)—On appeal from Industrial Accident Board, injured workman may amplify and more fully develop claim.**

Though evidence as to exact nature of injury to workman presented to Industrial Accident Board was very meager, on appeal to court workman had right to amplify and more fully develop his claim by pleading and evidence.

**12. Master and servant ⊙≈405(6)—Evidence held to sustain award of compensation for injury by strain.**

Evidence *held* sufficient to sustain award of compensation for workman who suffered permanent total disability when whole weight of "straddle jack," which he was assisting in carrying, was thrown upon him.

⊙≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 20, 1926.

13. **Master and servant** ⬦≈418(5)—**Doubt resolved in favor of trial court's judgment for compensation.**

Where evidence as to whether injured workman worked seven days a week was indefinite, Court of Civil Appeals will not reverse judgment based on his working six days a week, since it has duty to resolve any doubt in favor of trial court's judgment.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Suit under the Workmen's Compensation Law · by Robert Wilson against the Texas Indemnity Insurance Company. From a judgment affirming an award of the Industrial Accident Board, defendant appeals. Affirmed.

Vinson, Elkins, Sweeton & Weems and Robert L. Sonfield, all of Houston, for appellant.

King & York, of Austin, and Aultman & Byers, of Mexia, for appellee.

STANFORD, J. This suit was brought by appellee against appellant under the provisions of the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). Appellee alleged, in substance, that on July 5, 1924, while in the employ of the Prairie Pipe Line Company as a laborer, and while assisting in carrying a "straddle jack" weighing between 500 and 700 pounds, the whole weight of said "straddle jack" was thrown upon him and onto and against his stomach, which heavy weight and strain caused his stomach to be pressed and mashed in and his internal organs to be injured, broken loose, causing his left leg to swell and the veins to become much enlarged, creating a condition known as varicose veins, rendering his leg stiff, all of which resulted in his permanent total disability. Notice of said injury was duly given and said claim presented to the Industrial Accident Board, and acted upon by said board, and notice of appeal given, and this suit filed, all of which was done within the time and manner as prescribed by said Workmen's Compensation Act.

The case was submitted to the jury on twelve special issues, all of which were answered favorably to appellee, and on which findings, and such other findings as the court was authorized from the evidence to make, the court entered judgment for appellee.

Opinion.

[1-3] Under its first assignment, appellant contends the court erred in admitting in evidence certified copies by the secretary of the Industrial Accident Board, of notices from the Prairie Pipe Line Company to said board, and also from appellant to said board, notifying said board that said pipe line company had on July 1, 1924, become a subscriber, by, on said date, taking out a workmen's compensation policy under the provisions of our Workmen's Compensation Law, with appellant; said policy to continue in force until July 1, 1925. The record discloses that appellee, in his original petition and all amendments thereof, notified appellant to produce on the trial said original policy or a certified copy of same, and that on the trial of this cause counsel for appellant were requested to produce said policy or a certified copy of same, and that both said requests were refused by appellant and its counsel, after which the certified copies of which complaint is made were admitted in evidence. Article 8308, § 18a, Revised Statutes 1925, and articles 5246 —76, Vernon's Ann. Civ. St. Supp. 1918, provide for these notices to the board both by the employer and the association carrying the risk, and prescribe a heavy penalty for failure on the part of either to give such notices to said board. Said act further provides, in effect, that a certified copy of any of the records of the Industrial Accident Board shall be admissible in evidence. The appellant having refused to produce the original policy or a certified copy of same, the trial court was correct in admitting these certified copies of said notices, and said notices were sufficient to prove, under the facts of this case, that the Prairie Pipe Line Company, on July 5, 1924, was a subscriber and carried compensation insurance for its employees, and that appellant was the carrier of such insurance on said date. It was not necessary to prove the terms of said policy, because its terms are fixed by the provisions of the Workmen's Compensation Law. Article 8308, Revised Statutes 1925, § 18a; articles 5246 —76, Vernon's Sayles' Statutes; Texas Employers Ins. Ass'n v. Pierce (Tex. Civ. App.) 254 S. W. 1019; Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601.

[4, 5] Under other assignments, appellant complains of appellee and his wife being permitted to testify, over its objection, to about the amount appellant owed for groceries, doctor's bills, borrowed money, etc, amounting to the aggregate to $600 or $700. Appellee in his pleading, in substance, alleged that he was permanently and totally incapacitated to perform labor, that he had a wife and three children dependent upon him, that he had been out of funds since his injury, and that to support himself and family he had incurred debts to about $650, setting out other matters fully as a basis for recovery of compensation in a lump sum. Objection was made to the evidence above referred to upon the ground that it was "irrelevant and immaterial, is only an estimated amount of this alleged indebtedness, and its introduction prejudicial to defendant." In order to determine the issue of a lump sum recovery, it was necessary to inquire into his financial condition and responsibilities, as well

as to whether his disability was total and permanent, and for this purpose said evidence, we think, was both relevant and material, and considering the purpose for which it was offered, we think it was not objectionable because said witnesses could not state the exact amount. On cross-examination of appellee by appellant's counsel, appellee testified positively that he knew his indebtedness was between $650 and $700, so this evidence having been repeated at appellant's instance, it cannot be heard to complain. Sullivan v. Fant (Tex. Civ. App.) 110 S. W. 523; Eastham v. Hunter, 86 S. W. 323, 98 Tex. 560; Gammel Pub. Co. v. Monfort (Tex. Civ. App.) 81 S. W. 1029; Pacific Express Co. v. Needham (Tex. Civ. App.) 94 S. W. 1070. These assignments are overruled.

[6, 7] Under other assignments, appellant complains of the admission of the evidence of Dr. Cronenanes, over the objection of appellant, to the effect that same does not constitute proper testimony, was self-serving and and based upon hearsay, and did not constitute a part of the res gestæ. The record discloses that this witness first qualified as an expert by testifying that he was a practicing physician and surgeon in Mexia; that he had graduated from a regular medical college and had been a regular practicing physician and surgeon since 1915. This witness testified that he was called to see Mr. Wilson professionally and to make an examination of him, and said Mr. Wilson's condition, as he found it, was varicose veins and an enlarged inguinal canal, also some enlarged veins in the scrotum, etc. After testifying fully as to the condition of Wilson, he was asked, in effect, what in his opinion was the inciting cause of said condition, and replied that he was familiar with the alleged injury to Wilson while working for the Prairie Pipe Line Company, and gave it as his opinion that said injury, as stated to him by Wilson, was the direct and inciting cause of the condition he found. In order for a medical expert to give an opinion as to whether or not a condition he finds in a person examined by him is due to a certain injury, he must know the circumstances and character of such injury, either by same being embodied in a hypothetical question propounded to him, or detailed to him by the injured party. The question involved here was not a question of res gestæ, not a matter of hearsay evidence, and not a matter of whether or not appellee was injured in the manner he says he was, but the question was whether an injury received, as appellee claims it was, would likely be the inciting cause of the condition found to exist by the expert witness. Appellant, on cross-examination of this witness, had said witness to reiterate and detail fully the statement made by appellee as to the circumstances, nature, and character of the injury. We think no error, at least no reversible error, is shown by these assignments. There was no dispute about how appellee was hurt. Railway v. Brown, 40 S. W. 618, 16 Tex. Civ. App. 93; M. K. & T. Ry. Co. v. Rose, 49 S. W. 133, 19 Tex. Civ. App. 470; note, 14 Ann. Cas. 449; G. H. & S. A. Ry. Co. v. Stoy, 99 S. W. 137, 44 Tex. Civ. App. 448; Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752; Texas Mexican Ry. Co. v. Creekmore (Tex. Civ. App.) 204 S. W. 682.

[8] Under other assignments, complaint is made of alleged improper argument by Mr. King in his closing argument for appellee. A part of this argument, we think, was improper, but the record discloses that appellant objected to said argument at the time it was made, and that the trial court promptly stopped Mr. King and told the jury there was no evidence to support said argument and that they should not consider said argument. We recognize the rule that in some instances improper argument might be of such a nature that an instruction by the court to the jury not to consider same could not be said to remove its harmful effects, but we do not think the argument here was of such character. We think the instruction of the court was sufficient to remove any harmful effects of said argument. Again, improper argument, in itself, will not be sufficient cause for reversal, and it is only in cases in which the preponderance of the evidence seems to be against the verdict, or in cases in which the verdict seems to be excessive and there is reason to believe that the verdict may have been affected by such argument, that it becomes grounds for reversal. I. & G. N. Ry. Co. v. Irvine, 64 Tex. 535; Galveston, etc., Ry. Co. v. Washington, 63 S. W. 541, 25 Tex. Civ. App. 600; Sinclair v. Stanley, 7 S. W. 517, 69 Tex. 718. It is not made to appear from this record that the verdict of the jury is against the preponderance of the evidence in any respect. We overrule these assignments.

[9] Under other assignments, appellant contends the trial court erred in permitting appellee to testify that the men who worked with him for the Humble Company received a daily wage of $4.50, $5, and $5.50, according to how long they had been with the company and the kind of work they did. Appellee pleaded that he was employed by the Prairie Pipe Line Company and the Humble Oil & Refining Company for more than one year before his injuries, and in same kind of work; and that at the time of his injury he was working in such capacity seven days a week at $4 a day. He testified that he had worked for the Prairie Pipe Line Company about fifteen days immediately preceding his injuries, and that prior to going to work for the Prairie Pipe Line Company, he had worked for the Humble Company in different classes of work, and received from them different amounts according to the kind of

work he did, usually about $70 every two weeks. In awarding appellee compensation, the jury fixed same at $4 per day. As said by our Supreme Court:

"Section [subdivision] 3 [under article 5246–82, Vernon's Ann. Civ. St. Supp. 1918], permits the resort to such means in determining the compensation as the board, or in this case the jury, may seem just and fair to the employee and the insurer," etc. Lumbermen's Reciprocal Ass'n v. Warner et ux. (Tex. Com. App.) 245 S. W. 667.

These assignments present no error of which appellants can complain and same are overruled.

[10, 11] Appellant, by assignment 19, complains of the court's submission of special issue 9. In answer to special issue 9, the jury found that the injuries received by appellee resulted in his permanent and total incapacity. Appellant contends it was error to submit this issue, because, as appellant contends, the basis of his claim before the Industrial Accident Board and the basis of this suit was an alleged hernia. This contention is not sustained by the record. In his petition on which the case was tried, appellee alleged, in substance, after describing how the injury occurred, that this great weight of the straddle jack being thrust upon him, tore, injured, and broke loose organs in plaintiff's stomach and caused severe and serious internal injuries, etc., and soon after said injury his left leg swelled up and its veins enlarged from the left foot to the lower left side of the stomach; that said injuries have weakened his entire body and left him in a permanently and totally disabled condition. Appellant pleaded only a general denial, so the issue made by the pleadings was whether said injury had caused permanent total disability. The jury found that his injuries were permanent, and totally disabled him. The trial court also expressly found, in addition to approving the finding of the jury by overruling a motion for new trial. This finding is amply sustained by the evidence. According to the two physicians who testified, appellee has an enlarged inguinal canal or inguinal hernia; but the most serious and incurable trouble is his enlarged or varicose veins in his left leg and other parts of his body. The evidence is very meager as to the exact nature of the injury presented to the Industrial Accident Board, but it is evident it was the same claim, occurred at the same time, and grew out of the same accident, and on appeal to the courts appellee had the right to amplify and more fully develop his claim by pleading and evidence. Texas Employers' Ins. Ass'n v. Jimenez et al. (Tex. Civ. App.) 267 S. W. 752; Insurance Association v. Knouff (Tex. Civ. App.) 271 S. W. 633, and cases cited.

In answer to the twelfth special issue, submitted in proper form, the jury found, in effect, that appellee was entitled to a lump sum recovery. Appellant objected to this issue upon the ground that the evidence was not sufficient to warrant such issue. We overrule this contention. We have examined the evidence, and without undertaking to set out same, we think it fully warranted both the submission of this issue, and also the finding of the jury in response to said issue.

[12] In this case the trial court submitted to the jury by special issues in proper form, every issue made by the pleadings and the evidence, with proper explanations of such issues as were required. There is practically no objection to the form of the charge. All of said issues were answered favorably to appellee, and said findings were approved by the trial court, and, we think, are amply supported by the evidence, and required the rendition of the judgment for appellee. Appellant has presented in its brief 33 propositions under 28 assignments. In the interest of brevity, we have discussed only those we considered the most important ones, but have considered all of them, and find no reversible error in any of them.

[13] We have also considered appellee's cross-assignment of error, to the effect that the trial court erred in the rendition of judgment in refusing to allow compensation on the basis of seven days' work per week. Exception to this action of the court was reserved in part as follows: "To which action of the court the plaintiff then and there excepted, and here and now says that same is contrary to the evidence adduced on the trial," followed by the conclusion of counsel as to what appellee's evidence on this point was. This bill of exception is approved by the trial court, and amounts to an agreement on his part as to what appellee contended, but not as to what the evidence was upon the point involved here. This issue was not submitted to the jury, nor its submission requested. The court made no findings on the question involved. Appellee's evidence as to whether or not he worked all the time on Sunday is not copied in appellee's brief. We have examined the record, and we find he did testify, in effect, that during the fifteen days he worked for the Prairie Pipe Line Company, he did work on Sunday, but during the time he worked for the Humble Company he worked at four or five different kinds of work, and the evidence is indefinite as to how much of the time he worked on Sunday. In determining the average daily wage of appellee, the court instructed the jury to find "what was the average daily wage which was earned by an employee of the same class as the plaintiff, working substantially the whole of the immediately preceding year," etc., and the evidence is rather indefinite as to how much of the time such employee was required to work on Sunday. In this indefinite state of

the evidence on this point, and it being our duty to resolve any doubt in favor of the judgment of the trial court, we cannot say the court was in error. We overrule appellee's first cross-assignment, also his second cross-assignment.

The judgment of the trial court is affirmed.