## UNITED STATES FIDELITY & GUARANTY CO. v. POGUE. (No. 3731.)

Court of Civil Appeals of Texas. Texarkana. Aug. 9, 1929.

Rehearing Denied Oct. 10, 1929.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Elmer. L. Lincoln and Wm. V. Brown, both of Texarkana, for appellee.

LEVY, J. (after stating the case as above). ■■ The major question of the case is that of whether under the pleadings and proof the appellee was entitled to be awarded the compensation of 60 per cent. of his weekly wages, payable weekly during the period of 200 weeks from the date of the injury, as of partial incapacity to work from the permanent loss of the use of a specific member of the body, or during 401 weeks, and payable in a lump sum, as of total incapacity to labor from permanent injury in its nature affecting the body and not alone a specific member thereof. The appellant insists that, under the appellee's pleading, and under all the proof, this was a suit based solely on the permanent loss of the use of a leg, and therefore section 12 of article 8306 of the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309) was applicable, absolutely fixing the compensation and the method of payment. The appellee insists the case was made otherwise, and that section 10 of the article mentioned has application to the injury, and that section 15 authorizes payment in a lump sum. The allegations of the appellee's petition may properly be interpreted as pleading the injury to be, in effect, that the left "hip joint" and "the socket" on the hip bone were "broken," proximately causing him to be "totally and permanently incapacitated" generally for work. There were no special exceptions urged to the petition. Such allegations do not necessarily confine the appellee to compensation for the specific injury of loss of the left "leg," or the loss of the use thereof, as enumerated in section 12. The allegations, as well as the proof in behalf of appellee, are broad enough to include all the conditions and results that have set up in consequence of a permanent injury to the "hip joint" and "the socket" on the hip bone. The testimony

of the physician attending the appellee is in meaning and extent that the weight and force of the sacks of cotton seed hulls falling against the body of appellee drove the "femur head" "into the socket" of the hip bone, causing an impacted fracture, and that "the neck of the femur bone" was driven "one-fourth of an inch" into the pelvic bone or hip joint. The "neck," he says, "was driven down into the bone," and "I think the bone was split" and the "entire neck was broken." And, as further shown by appellee, such character of injury was permanent, producing great pain, loss of sleep, and general incapacity. In the framework of the body, according to anatomy, "the hip" is counted as a skeletal part, as distinguished from foot and leg. The side of the pelvis and the upper part of the femur, with the flesh covering them, form the hip. The top of the femur, or thigh bone, fits into its "socket" on the hip bone, and by connective tissue is there held in flexibility and with a fair degree of firmness. This connective tissue or joint cartilages serve the office of protection against the force of weight and the grinding of the bones. An "impacted injury to the socket" and the "head of the femur" in which the fragments are driven firmly together, so that they will not move on one another, may well be regarded, in special circumstances, as an injury not alone to the "leg" or femur, but also to the body. In such circumstances the connective tissue or joint cartilages are degenerated and the "head of the femur" grinds against its "socket" on the hip bone, causing pain to the body that otherwise would not be there. The bone meets bone directly, and the impacted joints grind and produce pain. Such fractures, as proven, slowly unite, if ever, at appellee's age. The injury being to the "hip joint" and the "socket" on the hip bone and in addition thereto to the "femur," producing pain, the appellee's contention should be sustained. The case is different from the cases of Ins. Co. v. Washington (Tex. Civ. App.) 5 S.W.(2d) 783; Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364. The case has similarity to the cases of Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957; Lumberman's Reciprocal Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 265; Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301.

Appellant insists that the appellee admitted that the injury was confined to the femur only. There is no such admission in the statement of facts, and we are not inclined to consider the bill of exception, which merely recites appellee's counsel's construction of the evidence made in the course of argument. The appellant requested and the court refused to give the following instruction: "If you find from the evidence that the plaintiff as a result of the injuries received by him was totally incapacitated to labor, then was such disability temporary?" The finding asked was directly and necessarily involved in the question submitted by the court to the jury, viz.: "No. 3. State whether or not such total incapacity for work is permanent." We think there was no error in refusing the other special instructions complained of, and each of the assignments of error in that respect is overruled.

The judgment is affirmed.