**Ruth CARPENTER, Appellant,**

v.

**GULF INSURANCE COMPANY, now Gulf Insurance Liquidating Company, et al., Appellees.**

**No. 15329.**

Court of Civil Appeals of Texas,
San Antonio.

Oct. 9, 1974.

Rehearing Denied Nov. 6, 1974.

Benjamin D. Lucas, San Antonio, for appellant.

Paul M. Green, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a workmen's compensation case in which a summary judgment was granted against appellant Ruth Carpenter in favor of appellee Select Insurance Company, and an order of dismissal was granted by the trial court as to the other appellees, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company. Appellant was injured on or about July 12, 1968, while working for Collins of Texas, Inc. She filed a claim with the Texas Industrial Accident Board on or about the 25th day of October 1968. A hearing was set for December 16, 1968, on such claim, and the notice of hearing lists Gulf Insurance Company as the insurance carrier. On

January 16, 1969, the Industrial Accident Board denied any award to appellant. On or about February 3, 1969, appellant gave notice that she would not abide by the award, and on February 5, 1969, appellant filed suit in the District Court of Bandera County against Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company to set aside such award and for compensation for the injury sustained by her.

On January 5, 1971, counsel for appellees wrote appellant's attorney advising him that the named defendants, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company, were not proper parties to the suit and that at the time of the alleged injury, the insurance carrier was Select Insurance Company. Appellees, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company filed an answer in such proceedings, which answer contains a verified plea in abatement setting forth that such defendants were not proper party defendants and that none of them carried workmen's compensation insurance coverage for appellant's employer on the date of the injury to appellant.

On February 3, 1973, approximately two years after appellant's counsel had been notified that he did not have the proper defendants, appellant filed her first amended petition, and for the first time, Select Insurance Company was joined as a party defendant. A hearing on a plea in abatement was subsequently held, and the statement of facts of such hearing is before us. It appears from the evidence adduced at such hearing that, at the time of the alleged injury, the insurance carrier was Select Insurance Company and not Gulf Insurance Company, Gulf Insurance Liquidating Company, or Washington Fire and Marine Insurance Company. The trial court initially took such plea in abatement under advisement, and during such time,

appellee Select Insurance Company filed its verified answer and also filed a motion for summary judgment. On February 8, 1974, the trial court granted appellees Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company's plea in abatement, and the cause was dismissed with prejudice as to these defendants.[1] On the same date, the trial court also granted Select Insurance Company's motion for summary judgment, decreeing that Ruth Carpenter take nothing against Select.

Appellant assigns two points of error: (1) the trial court erred in granting a plea in abatement for three appellees, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company; (2) the trial court erred in granting summary judgment for appellee Select Insurance Company. Appellant's basic contention in support of such points of error is that appellant's attorney was informed by the Industrial Accident Board that Gulf Insurance Company was the insurance carrier, and that she relied on this information; and that appellee had a duty to furnish her with the correct information.

Although none of the parties raised any issue of jurisdiction in their original briefs, this court, at the time of oral argument, made inquiry as to its jurisdiction as to Select Insurance Company and requested that both appellant and appellees submit letter briefs, which has been done.

◼ Based upon such briefs and our independent research, we have reached the opinion that the trial court was without jurisdiction to enter any type of judgment as to Select Insurance Company because Select was not a party to any of the proceedings before the Texas Industrial Accident Board. In order to support jurisdiction in the trial court as to Select, appellant had to show that the Industrial Accident Board had entered a final award relating to a claim against Select. It is clear from the record that Select was not a par-

---

1. This plea was actually a plea in bar or, more accurately, in the nature of a motion for a take-nothing judgment.

ty in the proceedings before the Industrial Accident Board, and there was no award pertaining to Select Insurance Company in the Industrial Accident Board. Appellee concedes in its letter brief that, if the trial court had no jurisdiction as to Select, the Court of Civil Appeals has no jurisdiction as to such appellee.

We think the case of Commercial Standard Fire & Marine Insurance Company v. Martin, 501 S.W.2d 430 (Tex.Civ.App.— Texarkana 1973), modified 505 S.W.2d 799 (Tex.1974), is in point and is controlling. The Court of Civil Appeals held that the trial court did not acquire jurisdiction over the case because Commercial Standard Fire & Marine Insurance Company was not a party to the proceedings before the Texas Industrial Accident Board and reversed and rendered the judgment of the trial court. The Supreme Court, in upholding the Court of Civil Appeals in this respect, said: "The trial court rendered judgment for plaintiff Horace Martin, against Commercial Standard Fire and Marine Insurance Company. The court of civil appeals correctly ruled that the trial court did not acquire jurisdiction over the case because Commercial Standard Fire and Marine Insurance Company was not a party to the proceedings before the Texas Industrial Accident Board." However, the Supreme Court modified the judgment of the Court of Civil Appeals, saying: "In this instance, the court of civil appeals correctly reversed the judgment of the court below, but it should have rendered judgment dismissing the cause."[2]

The summary judgment entered by the trial court in favor of Select Insurance Company is reversed and judgment is here rendered dismissing the cause as to Select Insurance Company.

 However, the trial court properly sustained the plea in abatement of appel-

lees, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company. It is undisputed from the record that at the time of the alleged injury, none of these insurance companies was the workmen's compensation insurance carrier. The burden of proof was on appellant to show that the named appellees, Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company were, in fact, the workmen's compensation insurance carrier for appellant's employer on the alleged date of the injury. Texas Employers Insurance Association v. Perry, 35 S.W.2d 1087 (Tex.Civ.App.—Texarkana 1931, writ ref'd). It is undisputed under the record that Select Insurance Company was the workmen's compensation insurance carrier for appellant's employer at the time of the alleged injury. There was introduced into evidence a workmen's compensation and employers' liability insurance policy of Select Insurance Company for Collins of Texas, Inc., being policy Number WC 5132943, covering a period of time from April 1, 1968, to April 1, 1969, the applicable period of time, and there was other evidence that Select Insurance Company was the insurance carrier at the time of the alleged injury. There is absolutely no evidence to the contrary. Appellant provided no evidence whatsoever that Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company were the insurance carriers for Collins of Texas on the date of the alleged injury.

The summary judgment entered in favor of Select Insurance Company is reversed and judgment here rendered dismissing said cause as to Select. Such dismissal is without prejudice to appellant's right to pursue whatsoever claim she may have

---

2. Appellees rely on Latham v. Security Insurance Company of Hartford, 491 S.W.2d 100 (Tex.1972), and attempt to distinguish this case from Commercial Standard Fire and Marine Insurance v. Martin, supra. We do not regard *Latham* as factually in point. Such case involved the effect of an Industrial Accident Board award against multiple parties after one of these parties filed a suit to set the award aside. Security Insurance Company was a party to the proceedings in the Industrial Accident Board and was one of the parties against whom an award was made. We do not consider such holding as applicable to the factual and legal situation we have in the case before us.

against Select Insurance Company by proper legal proceedings. The judgment dismissing said cause with prejudice as to Gulf Insurance Company, Gulf Insurance Liquidating Company, and Washington Fire and Marine Insurance Company is affirmed.