### Charlie Bill OWENS

v.

### The TRAVELERS INSURANCE COMPANY.

No. 9148.

Court of Civil Appeals of Texas, Amarillo.

Oct. 24, 1980.

Rehearing Denied Nov. 19, 1980.

Bob Huff & Associates, Inc., Robert E. Teel, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Jr., Lubbock, for appellee.

DODSON, Justice.

Charlie Bill Owens appeals from the trial court's judgment dismissing his suit to mature a compensation award made by the Texas Industrial Accident Board (the "Board") against the Travelers Insurance Company, the appellee. We affirm.

In his pleadings, Mr. Owens alleges that on or about 26 May 1976 he was injured while in the course and scope of his employment with Swifty Systems, Inc.; that such company carried worker's compensation insurance with the Travelers Insurance Company; that on 4 October 1978 the Board ordered the Travelers Insurance Company to pay him worker's compensation benefits in the lump sum of $16,289.32 (less any previous payments) and medical expenses in the amount of $4,036.95; that the Appellee failed to give notice of intent to appeal the award; that such award became final on or before 13 November 1978; and that the Appellee failed to pay the award.

In its answer, the Travelers Insurance Company affirmatively pled that the Court is without jurisdiction of this suit because the award of the Board is null and void for the following reasons: (1) that on the date of Mr. Owens' injury, it was not the insurance carrier for his employer; (2) that it has not provided coverage of worker's compensation benefits extending to Mr. Owens; (3) that it was not a party to the proceeding before the Board; and (4) that it "had no notice of any hearing of any claim being asserted against it by the plaintiff herein prior to the entry of the award in this

matter through mistake by the Industrial Accident Board."

Similarly, by its motion to dismiss, the appellee pled as follows:

The Court has no jurisdiction of this suit because the award of the Industrial Accident Board which plaintiff seeks to mature is a nullity and void. There has been no valid final order which could be appealed to the courts, and the Industrial Accident Board still has jurisdiction over the matter in question.

In this regard, defendant [The Travelers Insurance Company] would show that it was not the workmen's compensation insurer of Swifty Systems, Inc. on or about May 26, 1976, was not a party to the proceedings before the Industrial Accident Board in which the award upon which this suit is brought was entered, received no notice of any hearing and was mistakenly designated as the insurer in the award of the Industrial Accident Board in this proceeding entered on October 4, 1978.

The Travelers Indemnity Co. of Rhode Island was the insurer of Swifty Systems, Inc. on or about May 26, 1976, and was the party to the proceedings before the Industrial Accident Board in which the award in question was entered.

After a bench trial on the merits, the trial court rendered judgment dismissing, with prejudice, Mr. Owens' action to mature the Board's award against the Travelers Insurance Company.

On appeal, Mr. Owens brings two points of error. By the first point, he maintains that the judgment should be reversed because the trial court failed to make findings of fact and conclusions of law pursuant to Texas Rules of Civil Procedure 296 and 297.

▮ The record reveals that Mr. Owens filed his first request for findings of fact and conclusions of law within the ten–day time period after the rendition of the final judgment. Mr. Owens also timely filed two complaints of the failure of the trial judge to file findings of fact and conclusions of law. No findings of fact or conclusions of law have been filed in the record of this case. Nevertheless, nothing exists in the record to indicate that the requests for findings of fact and conclusions of law were ever presented to the trial judge. As stated in *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977) at p. 358:

The request for findings of fact and conclusions of law, as well as the subsequent complaint for failure to file under Rule 297, must be presented to the judge. Merely filing the request and complaint with the clerk is insufficient. (Citing authorities).... There being nothing in the record to show that the request or complaint was ever presented to the trial judge, there is no reversible error in failing to file the findings of fact and conclusions of law.

Accordingly, we overrule Mr. Owens' first point of error.

By his second point of error, Mr. Owens says the judgment should be reversed because the trial court failed to mature the 4 October 1978 award made by the Board. In support of his position, he argues that the award was rendered against the appellee; that the appellee had notice of and was a party to the proceedings before the Board; and that appellee failed to appeal from the award of the Board. Relying on *Southern Surety Co. v. Arter*, 44 S.W.2d 913 (Tex. Com.App. 1932, judgm't adopted), Owens maintains that the trial court should have matured the award.

In *Arter* the proceeding before the Board was against Southern Surety Co. and Board's award was rendered against the company. The parties stipulated that:

at the time the said John J. Arter received his injury on the 11th day of December, 1928, Gifford, Hill & Company, Incorporated, was a subscriber under the Workmen's Compensation Act of the State of Texas and carried a policy of workmen's compensation insurance on its employees issued by the Southern Surety Company, which was taken over sometime during the year 1928 by the Southern Surety Company of New York and prior to the injury of the said John J. Arter herein complained of.

*Supra*, at 914. Southern Surety Company of New York was not a party to the proceedings before the Board. *Supra.*

The opinion in *Arter* further shows that, as a predicate for an appeal to the district court and within the time required by law, a notice signed by the Southern Surety Company and the Southern Surety Company of New York was filed with Industrial Accident Board. This notice read as follows:

> You are hereby notified that the *Southern Surety Company of New York* does not and will not agree to comply with and abide by the award made by the Industrial Accident Board in the above entitled case on the 3rd day of May A.D. 1929, wherein compensation was awarded said John J. Arter at $12.12 per week and wherein a certain portion of which was awarded to Wm. V. Brown, attorney–at–law, Texarkana, Texas.
>
> You are further notified that the *Southern Surety Company of New York* will bring suit in a court of competent jurisdiction within 20 days after the making of this notice, to set aside and hold for naught the said mentioned award.
>
> Southern Surety Company and
>
> Southern Surety Company of New York

(Emphasis added). *Supra*, at 913–14. The court determined that the notice given by Southern Surety Company was insufficient to confer jurisdiction upon the district court because the notice did not state that such company would not abide by the award against it and that it would institute suit to set aside the award. The court further determined that Southern Surety Company of New York, not being a party to the proceeding before the Board, was a total stranger to the proceeding and lacked standing as an "interested party" to appeal from the award. *Supra*, at 916.

The record in *Arter*, as stated in the Court opinion reflects that Southern Surety Company issued the compensation coverage which was in effect at the time the worker was injured; that such company was a party to the proceedings before the Board on the worker's claim for compensation; and that such company failed to appeal from the Board's award. Under such circumstances, the effect of the decision in *Arter* was to mature the Board award against Southern Surety Company. We do not consider the court's decision nor its effect controlling in this instance.

■ Having failed to properly present his requests for findings of fact to the trial judge, all questions of fact are presumed found in support of the judgment. *Lassiter v. Bliss, supra,* at 358. Furthermore, when, as here, findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial must be affirmed upon any legal theory that finds support in the evidence. *Supra.*

There is evidence of probative force from which the trial court could find that Mr. Owens was employed by Swifty Systems, Inc., on or about 26 May 1976, when he was injured; that the Travelers Insurance Company was not the worker's compensation insurer for Swifty Systems, Inc., on or about 26 May 1976; that the Travelers Indemnity Co. of Rhode Island was the worker's compensation insurance carrier for Swifty Systems, Inc., on or about 26 May 1976; that notice of proceedings before the Board was given to the Travelers Indemnity Co. of Rhode Island; that the Travelers Indemnity Co. of Rhode Island had notice of and was a party to the proceedings before the Board; that the Travelers Insurance Company and the Travelers Indemnity Co. of Rhode Island are separate and distinct legal entities; that the Travelers Insurance Company had no notice of and was not a party to the proceedings before the Board.

The evidence further shows that by mistake the Board rendered its award against the Travelers Insurance Company rather than the Travelers Indemnity Company of Rhode Island; that the confusion concerning the correct insurance carrier was initiated, in part, by Mr. Owens' amended notice of claim naming the insurance carrier as "Travelers Insurance Company and/or Travelers, [*sic*] Indemnity Co. of Rhode Island"; and that at the hearing before the

Board's Examiner, the claims representative for the Travelers Indemnity Company of Rhode Island informed the Board that on the date of Mr. Owens' injury such insurance company had the worker's compensation coverage for Swifty Systems, Inc.

■ An award of the Board may not be matured if it is void for want of jurisdiction. *Texas Employer's Ins. Ass'n v. Neal,* 11 S.W.2d 847, 848 (Tex.Civ.App.–Eastland 1928, writ ref'd). Where, as here, the evidence establishes that on the day of Mr. Owens' injury while employed by Swifty Systems, Inc., the Travelers Insurance Company was not the worker's compensation carrier for his employer and that such insurance company had no notice of and was not a party to the proceedings before the Board, then the Board was without jurisdiction to render a valid and enforceable award against the Travelers Insurance Company. *See Carpenter v. Gulf Insurance Company,* 515 S.W.2d 60, 62 (Tex.Civ.App.–San Antonio 1974, no writ); *Texas Employers' Insurance Ass'n v. Perry,* 35 S.W.2d 1087, 1090 (Tex.Civ.App.–Texarkana 1931, writ ref'd); *Associated Indemnity Corporation v. Baker,* 76 S.W.2d 153, 158 (Tex.Civ. App.–Amarillo 1934, writ dism'd). *See, e. g., Clawson v. Texas Employers' Insurance Ass'n,* 469 S.W.2d 192, 195 (Tex.Civ.App.– Houston [14th Dist.] 1971), *aff'd,* 475 S.W.2d 735 (Tex.1972).

When the Board is without jurisdiction to render a valid and enforceable award against the Travelers Insurance Company, the court is without jurisdiction to mature that award. *See Commercial Casualty Ins. Co. v. Hilton,* 126 Tex. 497, 87 S.W.2d 1081, 1083 (1935); *Carpenter v. Gulf Insurance Company, supra,* at 61–63; *Holt v. Employers Reinsurance Corporation,* 393 S.W.2d 329, 337 (Tex.Civ.App.–Houston 1965), *aff'd on other grounds,* 410 S.W.2d 633 (Tex. 1966). Accordingly, we overrule Mr. Owens' second point of error.

In summary, having overruled Mr. Owens' two points of error, we affirm the judgment of the trial court.