James E. **MILLER**, Relator,

v.

The Honorable Jack R. **KING**, Respondent.

No. 09 87 064 CV.

Court of Appeals of Texas, Beaumont.

Sept. 3, 1987.

Rehearing Denied Sept. 16, 1987.

Glen W. Morgan, Reaud, Morgan & Quinn, Inc., Beaumont, for relator.

Curry Cooksey, Orgain, Bell & Tucker, Beaumont, for respondent.

OPINION

BURGESS, Justice.

This is a writ of mandamus involving the discovery of a policy of workers' compensation insurance.

Relator is the plaintiff in a workers' compensation suit pending before respondent. On December 8, 1986, relator filed a request for production requesting, among

other things, a true and correct copy of the employer's policy of insurance in effect on the date of the accident. The carrier answered the request by objecting that the requested item was irrelevant. Relator then filed a motion to compel discovery. A hearing was held on the motion and the respondent denied the motion. Relator then filed a notice of oral deposition accompanied by a *subpeona duces tecum* upon the plant manager of the employer, seeking a copy of the policy of workers' compensation insurance. Motions to quash were filed by the carrier and by the employer. Upon hearing these motions, the respondent quashed the deposition and specifically found the requested policy of insurance was not discoverable. Relator then filed this writ of mandamus.

■ This court has jurisdiction to issue a writ of mandamus under *TEX.GOV'T CODE ANN. sec. 22.221* (Vernon Pamph. 1987). Mandamus is available to correct a clear abuse of discretion in a discovery matter. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). *TEX.R.CIV.P. 166b* covers the dispute in question. *Section 2a, b* of the rules states, in pertinent part:

a. *In General*. Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence....

b. *Documents and Tangible Things*. A party may obtain discovery of the existence, description, nature, custody, condition, location and contents of any and all documents, (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form) and any other tangible things which constitute or contain matters relevant to the subject matter in the action....

The controlling question then is whether the policy is relevant. The burden is on the worker to prove that, at the time of the injury, the employer had coverage with the carrier. *Bueno v. Globe Indemnity Co.*, 441 S.W.2d 643, 644–645 (Tex.Civ.App.—Corpus Christi 1969, no writ); *Carpenter v. Gulf Ins. Co.*, 515 S.W.2d 60, 62 (Tex.Civ.App.—San Antonio 1974, no writ), citing *Texas Employers Ins. Assoc. v. Perry*, 35 S.W.2d 1087, 1090 (Tex.Civ.App.—Texarkana 1931, writ ref'd). If the worker must prove the existence of a policy, then that policy is certainly relevant.

■ The carrier argues the policy is not relevant because they have admitted the existence of same. This argument may go to admissibility or cumulativeness, but does not go to relevancy. The policy of workers' compensation insurance is discoverable.

Our holding is further bolstered by *section 2f(1)* of the rule. It states, in pertinent part:

f. *Indemnity, Insuring and Settlement Agreements*. A party may obtain discovery of the following:

(1) The existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.

It does not comport with logic that an insurance agreement which is not sued upon is discoverable yet an insurance agreement which forms the very basis of the suit between the worker and the carrier is not discoverable. The supreme court could not have envisioned such a result in formulating and adopting the rules of discovery. Based upon our ruling, we are

confident Judge King will vacate his order denying the motion to compel and order the production of the policy of workers compensation insurance. Only upon his failing to do so will the writ issue.

WRIT CONDITIONALLY GRANTED.