**Maria BAZAN, Appellant,**

v.

**Roland G. BAZAN, Appellee.**

**No. 04–87–00686–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 21, 1988.

Maria T. Brito, San Antonio, for appellant.

Martha Tanner, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL *, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a divorce decree in which Roland Bazan was ordered to pay child support.

Maria Bazan, appellant, and Roland Bazan, appellee, were granted a divorce by the trial court on October 19, 1987. Maria

* Associate Justice Preston H. Dial, Jr., not participating.

was appointed managing conservator of the parties' child and Roland was appointed possessory conservator. The trial court ordered Roland to pay $125.00 monthly to Maria as child support. Maria brings this appeal.

Maria complains that the trial court abused its discretion in failing to follow the Supreme Court guidelines in setting child support payments. The trial court ordered Roland to pay $125.00 monthly, rather than 19 to 23 per cent of his net monthly income, or $254.70 to $308.32. Maria states that she requested findings of fact and conclusions of law from the trial judge, but the trial court did not file any. Maria's single point of error is multifarious, but since we are able to ascertain the grounds of her complaint, we shall overlook the defect.

On October 19, 1987, the trial court signed the divorce decree, which orders Roland to make the child support payments. Maria filed a motion to reconsider on October 28, 1987. On September 23, 1987, she filed her request for findings of fact and conclusions of law. The trial judge acknowledged receiving the request on October 19, 1987. Maria filed a reminder to file findings of fact and conclusions of law on November 13, 1987. The trial judge did not acknowledge receiving this reminder.

TEX.R.CIV.P. 296 and 297 provide the timetable for requesting and filing findings of fact and conclusions of law. A request must be filed within ten days after the final judgment is signed. TEX.R.CIV.P. 296. The court must prepare and file its findings and conclusions within thirty days after the judgment is signed. TEX.R.CIV.P. 297. Should the judge fail to file his findings and conclusions within this period, the appellant must, in writing, bring the omission to the trial court's attention within five days after the findings and conclusions were due. TEX.R.CIV.P. 297. The trial court has five days after this notification to file his findings and conclusions. TEX.R. CIV.P. 297.

Both the request for findings and the reminder to file them must be presented to the trial court. Merely filing either document with the clerk is insufficient. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Owens v. Travelers Insurance Co.*, 607 S.W.2d 634, 636 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). The purpose of bringing the omission to the court's attention for correction is defeated if the reminder is merely filed among the court papers where the trial court may never see it.

The record indicates that Maria timely presented her original request for findings of fact and conclusions of law to the trial judge. However, there is nothing in the record to indicate that she brought to the court's attention her reminder to file findings and conclusions. Thus, since Maria failed to properly present her reminder for findings of fact and conclusions of law to the trial judge, we must presume the trial court found all questions of fact in support of the judgment. We must affirm the judgment if it can be upheld on any legal theory finding support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987); *Lassiter v. Bliss*, 559 S.W.2d at 358.

With the above standard in mind, we now turn to Maria's complaint that the trial court had no evidence before it to justify deviating from the Supreme Court's Child Support Guidelines.

Section 14.05 of the Family Code instructs the trial court to "consider all appropriate factors, including but not limited to the guidelines adopted by the Supreme Court, the needs of the child, the ability of the parents to contribute to the child's support, and any financial resources available for the support of the child." TEX.FAM. CODE ANN. § 14.05(a) (Vernon Supp. 1988). The Supreme Court guidelines direct the trial court to consider these same factors and adds "the amount of possession of and access to a child," as a factor to be considered. TEX.FAM.CODE ANN. § 14.05 Order of the Supreme Court of Texas Child Support Guidelines R. 2 (Vernon Supp.1988).[1]

1. The guideline rules will be cited as R. — throughout this opinion.

■ The amount of child support shall be based in part on the net resources of the obligor—this includes 100 per cent of all earned income and income from nearly any source, reduced by social security taxes, federal income tax withholding, union dues, and premiums for the child's health insurance coverage. Not covered in net resources are AFDC benefits or child support received from any source. R. 3(a), (b). "The court may consider any additional factors that increase or decrease the ability of the obligor to make child support payments." R. 3(i).

The trial court may deviate from the schedule established in Rule 5. R. 4. In so doing, all relevant factors should be considered, including, but not limited to:

(a) the amount of the obligee's net resources when such net resources exceed $1,600 per month;

(b) the age and needs of the child;

(c) child care expenses incurred by either party in order to maintain gainful employment;

(d) whether either party has the managing conservatorship or actual physical custody of another child;

(e) the amount of child support actually and currently being paid by the obligor under another child support order;

(f) whether the obligor or obligee has an automobile, housing or other benefits furnished by his or her employer, another person, or a business entity;

(g) the amount of other deductions from the wage or salary income and from other compensation for personal services of the parties;

(h) provision for health care insurance and payment of uninsured medical expenses;

(i) extraordinary health care or other expenses of the parties or of the child; and

(j) any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents.

R. 4(a)–(j).

Rule 5 provides that under ordinary circumstances Roland should pay nineteen to twenty-three percent of his net resources as child support for one child.

■ Roland testified that he has been paying $25.60 each week as temporary child support. His net salary is $280.00 per week and gross salary is $384.62 weekly. His payroll deductions include health insurance premiums, federal income tax withholding, and social security taxes. Part of his health insurance premiums are to provide medical coverage for this child.

He further testified that he lives with his mother, but rents a house in Hondo where he stays three to four days a week. He stated that he lives alone in Hondo. He has not seen the child in the last three and one-half years because he did not know where Maria was living during that period.

Maria testified that the child suffers from asthma and bronchitis and has a problem with her leg which requires a brace. Maria receives welfare benefits. She also testified that she babysits in people's homes and takes her child with her, thereby incurring no child care expenses.

The trial judge entered a final order that Roland may visit the child during one day of the week for a period of six weeks and thereafter every other weekend and on certain holidays. The trial court ordered Roland to pay $125.00 monthly child support and to continue coverage for the child under a health insurance policy.

Since we have no findings of fact or conclusions of law to guide us, we must determine whether there is evidence in the record to support the judgment. Pursuant to the rate table in Rule 5, Roland's monthly child support obligation could range from $254.71 to $308.33.[2] However, the

---

**2.** Following the tables in the guidelines, we arrived at our figures thusly:

| | |
|---|---|
| Gross monthly income: | $1,666.69 |
| Less social security taxes and income tax withholding (App. A): | (326.13) |
| Monthly net income: | $1,340.56 |
| Times 19% to 23% (R. 5)  = | $254.71 to $308.33 |

trial court is entitled to consider that health insurance benefits will help cover some of the child's medical needs; that Maria earns money as a babysitter; and that Maria receives welfare benefits.[3] Further, no child care expenses will be incurred by either party in order to maintain employment. Roland testified that his mother will assist him and Maria takes the child to work with her.

The Supreme Court guidelines do not set a static minimum dollar amount for support. TEX.FAM.CODE ANN. § 14.05(h) (Vernon Supp.1988); R. 2, 3, 5. It is within the trial court's discretion to apply the guidelines and to consider all of the circumstances presented in arriving at a proper child support amount. *See* R. 3(d), 4.

We find some evidence in the record to support the trial court's deviation from the recommended percentages. Under the "no evidence" standard of review, we have considered, as we are required to do, only that evidence and the reasonable inferences that can be drawn therefrom in their most favorable light to support the trial court's judgment while disregarding all other inferences. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We must presume that the circumstances enumerated in the record and stated above were found by the trial court in support of its judgment. We find no abuse of discretion.

The judgment of the trial court is affirmed.

---

**3.** Maria's attorney stated to the court that the welfare will be cut off as a result of court ordered child support. However, a party's attorney's comments during closing are not evidence. There is no evidence in the record to support that contention.

