## TRADERS' & GENERAL INS. CO. v. BULIS.

### No. 3075.

Court of Civil Appeals of Texas. El Paso. Nov. 1, 1934.

Rehearing Denied Nov. 17, 1934.

Will R. Saunders, of Amarillo, and Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellant.

J. B. Cotten, of Crane, and Hudson & Hudson, of Pecos, for appellee.

PELPHREY, Chief Justice.

Appellee appealed from a decision of the Industrial Accident Board to the district court of Upton county, Tex. He was a rig builder by trade, and had been working for P. O. Sill since the early part of 1928, until the 6th day of March, 1933, the date of his injury. On March 4, 1933, Mr. Sill sent appellee the following wire: "Start job at Santa Rita on Monday. Mailing the check." In response to such wire appellee together with R. L. Wright and his son, John Bulis, started in his automobile for Santa Rita. While passing through the town of Rankin, a collision occurred between his car and another car, in which collision appellee was severely injured.

Upon the trial in the district court, the jury found that appellee had suffered total and permanent incapacity and that the average daily wage of an employee of the same class as appellee, working substantially the whole of the year immediately preceding

March 6, 1933, in the same or similar employment in Upton county or neighboring places, was $6 per day. Upon these and other necessary findings the court rendered judgment that appellee recover the sum of $920, with interest, as accrued installments, and $20 per week for a period of 355 weeks in a lump sum which, less a discount of 6 per cent. amounted to $5,854.56. From that judgment this appeal has been perfected.

### Opinion.

■ Appellant's brief contains ten assignments of error with twelve propositions thereunder. The first assignment of error and the propositions germane thereto relate to the sufficiency of appellee's pleading and the trial court's action in overruling appellant's special exception to paragraph 5 of appellee's petition. Appellant's exception reads:

"By way of special exception herein, this defendant says that all of those allegations contained in Paragraph 5 of the Plaintiff's first amended original petition, as follows:

" 'Plaintiff would further show unto the court in the alternative, that if the Court is unable to determine his average weekly wage * * * then he prays the court that his average weekly wage and consequent compensation rate be fixed and determined in such amount as to the court may seem just and fair, both alike to the plaintiff and defendant;' are insufficient in law, in that the same are immaterial and irrelevant and do not allege the power (proper) basis upon which to compute the compensation rate of the plaintiff herein, it having been previously alleged that the plaintiff for more than twelve months immediately preceding March 6th, 1933, had been engaged in the same employment; and of this defendant prays judgment of the court."

The objection now urged to the said paragraph in the proposition is that appellee, if he desired to rely upon the wages of other employees as outlined in subsection 2 of article 8309, as a basis for fixing his average weekly wages, should first have alleged facts showing why it was impracticable to compute his average weekly wage on the basis outlined in subsection 1 of said article.

It appears from a reading of appellant's above-quoted exception that the point now made was not presented in the exception filed and therefore cannot now be urged by appellant. 3 Tex. Jur. § 111, p. 169.

The second and third assignments are:

"Second Assignment of Error: The court erred in not requiring the plaintiff to plead and prove facts showing that it was impracticable to compute his average weekly wage on the basis outlined in Subsection 1, Section 1, Article 8309, before admitting in evidence over defendant's objection the testimony of the plaintiff's witness, R. L. Wright, with reference to the average wage usually paid rig builders in Upton County during the year March 6, 1932, until March 6, 1933."

"Third Assignment of Error: The court erred in admitting in evidence over the defendant's objection the testimony of the plaintiff's witness, R. L. Wright, to the effect that rig builders in Upton County and in neighboring counties were paid an average daily wage throughout the year from March 6, 1932, until March 6, 1933, of $10.00 per day, and that such rig builders were paid for doing such as foundation work from $5.00 a day to $10.00 per day."

Under these two assignments, appellant presents the following proposition: "The plaintiff having failed to allege in his petition that he had not worked in the employment in which he was working at the time of the injury, whether of the same employer or not, substantially the whole of the year immediately preceding the injury, the court erred in admitting the testimony of witnesses, which was objected to by the defendant, with reference to the wages of other employees working in the same or similar employment in the same neighborhood as the plaintiff."

The witness was asked whether or not he was familiar with the wages ordinarily paid other rig builders, or rig builders working at repairs in Upton county and in neighboring counties during the year ending March 6, 1933, and counsel for appellant interposed the following objection: "Wait just a minute. We object to that, if the court please, because it is not the proper basis upon which to compute the average weekly wage, and it not having been shown that at the time, particularly the time that this plaintiff was injured, if he was injured, in ordinary rig building, he having stated that he did not know whether he was doing repair work or whether he was doing rig building work."

■ The court then said: "Yes, his question covered both, I believe." Whereupon counsel for appellant replied: "Well, if your honor please, we object to. that because it is not the proper basis upon which to compute the average weekly wage. We have an au-

thority on that and we would like to submit it to the court, if he has any doubt about it." It is a well-settled rule that, if an appellant would take advantage of an error in the admission of evidence, it is essential that he shall have made a proper objection below. 3 Tex. Jur. § 126, p. 188. And it is equally true that an appellant may not complain that certain evidence received was not admissible under the pleadings, if he raised no such objection in the trial court. 3 Tex. Jur. § 130, p. 194, and authorities cited. Therefore the objection here presented, not having been called to the attention of the trial court, cannot be considered here.

The court's action, in permitting appellee's witness, Wright, to testify as to the average wages of rig builders in Upton and neighboring counties, is made the basis of the third assignment and appellant's fourth proposition.

The witness testified:

"Q. Are you familiar with the wages ordinarily paid other rig builders, or rig builders working at repairs in Upton County and in neighboring counties, familiar with what was paid them for that class of work during the year March 6, 1932, until March 6, 1933? A. Yes, sir.

"Q. What was the average wage?"

After an objection was interposed by appellant's counsel, he interrogated the witness thus:

"Q. Mr. Wright, do you know any rig builder that worked as many as 300 days during the year beginning March 6, 1932, and ending March 6, 1933? A. Do I know any?

"Q. Yes, in this locality? A. Not in that year.

"Q. In fact, there were not any working that much, were there, Mr. Wright? A. I would not say that. We worked quite a bit. I made fair time, according to the scale, and according to all of that.

"Q. Were you what you call a field man? A. Not at that time.

"Q. How many days did you work, during that year? A. The amount of days—I could not say.

"Q. Anyhow, you do not know of anybody working that many days? A. No, sir, I just made a good living; that is all I know, and that is all I know about it.

"Q. You do not know? A. No, sir."

Thereupon appellee's counsel proceeded with the examination of the witness as follows:

"All right, Mr. Wright, what was the average wage paid in this locality during the year from March 6, 1932, to March 6, 1933, for a rig builder doing what is known as repair work? A. He was usually paid ten dollars per day.

"Q. All right; and what was the average wage paid Mr. Wright, during that same period of time in this county and in neighboring counties for work done, such as foundation work? A. From five dollars a day to ten dollars per day."

■ Appellant now contends that the above testimony was inadmissible because it affirmatively reveals that the witness did not know of any rig builders in Upton county and neighboring places who had worked substantially a year preceding appellant's injury. With such contention we cannot agree. The Commission of Appeals in Petroleum Casualty Co. v. Williams, 15 S.W.(2d) 553, cited by appellant, after holding that an employee who had worked as much as 300 days during the 12 months immediately preceding the injury had worked a year of labor within the meaning of article 8309, defined the term "substantially a year" as used in the article to mean a year or about a year or so near a year as to be a year for all practical purposes.

If it be true that the Legislature meant 300 working days when it used the term "year" in that statute, and we are of the opinion that they did so, then a person could work substantially a year without working the full 300 days or more. It follows, therefore, that a witness would not be disqualified from testifying as to the average wages of employees simply because he did not know of any who had worked as many as 300 days preceding the date inquired about.

While the witness here was not acquainted with any rig builders who had worked as much as 300 days between March 6, 1932, and March 6, 1933, there is nothing in his testimony showing that he did not know some who had worked substantially that number of days, or, as said by the commission in the above case, "slightly less than 300 days."

The test which appellant attempts to apply is not the proper one, and the objection now urged to the admission of the testimony is not good.

■ Appellant's fifth proposition relates to the submission of the issue as to the average daily wage of employees of the same class who had worked substantially a year in the same or similar employment, while the sixth

attacks the sufficiency of the evidence to support the jury's finding thereto.

We think the evidence clearly sufficient.

P. O. Sill, the claimant's employer, testified that he was familiar with the average wages paid for the class of work that appellee was doing in Upton and neighboring counties and that it was about $5 per day and 7 days per week.

As said by the Galveston Court of Civil Appeals in American Employers' Ins. Co. v. Hoofkin, 33 S.W.(2d) 801, 804: "The material inquiry being whether or not they (referring to the employers) knew what the usual and customary wage of such workers in that vicinity was. * * *"

Here, as in that case, the employer had been engaged in the general line of work for several years before the casualty.

Propositions 7 and 8 being based upon the erroneous theory that the burden was upon appellee to prove that some other employee had worked as much as 300 days in the year preceding the injury must also be overruled.

What we have said disposes of the remaining propositions, and, finding no reversible error, the judgment of the trial court is affirmed.