## TRADERS & GENERAL INS. CO. v. LOCKLEAR.

### No. 5216.

Court of Civil Appeals of Texas. Texarkana.

June 22, 1938.

Rehearing Denied July 14, 1938.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, and Florence & Florence, of Gilmer, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, Jack Locklear, as plaintiff against appellant, Traders & General Insurance Company, as defendant to set aside an award of the Industrial Accident Board and to recover compensation for alleged permanent total incapacity on account of injuries sustained by plaintiff on May 14, 1935, while in the course of his employment with Joe Long and/or Joe Long Drilling Company,

insured by defendant under the Workmen's Compensation Law of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. The defendant's first amended answer upon which it went to trial contained a general demurrer, special exception, general denial and a cross action in which defendant also sought to have set aside the award of the Industrial Accident Board. Submission of the cause to the jury upon special issues resulted in a verdict and judgment for plaintiff. From an order overruling its motion for new trial defendant has appealed.

Appellant's first assignment of error reads as follows:

"The court erred in the charge to the jury in connection with and directly following Special Issue No. 3, submitting the issue of 'total incapacity' in erroneously defining that term as meaning: 'Gentlemen of the Jury: You are instructed in connection with the term "total incapacity" wherever that may appear in this charge shall have the following meaning: "It shall not mean an absolute incapacity to perform any kind of labor, but a person incapacitated to such an extent or degree that he cannot perform the usual tasks of a workman in such a manner as to be able to procure and retain employment, or such work, if any, as the plaintiff is qualified to perform, is to be regarded as being totally incapacitated"'; and in overruling and not sustaining the following objections of the defendant thereto, to-wit: 'The defendant objects and excepts to the definition of the term "total incapacity" as contained in the court's charge because it constituted no guide or rule to govern the jury in its deliberation as is called for in the Employers' Liability Act of the State of Texas, in that the definition as written would permit the jury to consider the question of total incapacity or an inability to procure employment irrespective of economic factors existing in the surrounding community, which of themselves are sufficient to prevent the securing of work; further, because the way in which the term is defined, taken in connection with the testimony given by the plaintiff that he was only qualified to perform oil field work and that such work required a certain degree of skill, the jury would be justified in considering an inability to do that particular kind of work done in the past by the plaintiff rather than his ability to perform work or labor outside of that done in the oil field.' "

Appellant's first proposition asserts: "that said definition as given by the court imposed upon the defendant insurance company a greater burden than its contract called for, and a greater burden than the compensation law of this state imposes upon the association." It will be noted that appellant's objections to the court's charge, set out above, contains no such objection as that asserted in its proposition. Where the ground of objection to a part of the court's charge is not the ground taken in the trial court, the assigned error, if any, must be considered as waived. St. Louis Southwestern R. Co. of Tex. v. Ewing, Tex.Com. App., 222 S.W. 198. It will be further noted that appellant's objections made in the trial court, as well as in the proposition, are expressed in language so general and indefinite as not to point out specifically wherein the definition is claimed to be erroneous and for such reason may not be considered. 3 Tex.Jur. 212, Sec. 141. Objections substantially in the same language as that made in appellant's proposition have been specifically condemned as being too general, namely, "when it merely states that the charge imposes [on defendant] a greater duty and burden than that required by law," McDonald v. Cartwright, Tex. Civ.App., 72 S.W.2d 337, 338, and "Because same imposes upon defendant a burden heavier than the law imposes upon it in a case of the character as presented by plaintiff in his petition in this case." Texas & N. O. Ry. Co. v. Churchill, Tex. Civ.App., 74 S.W.2d 1030, 1035.

Special issue No. 7 of the court's charge reads as follows:

"Has, or will Plaintiff Jack Locklear suffer any partial incapacity to labor as a result of the injuries, if any, sustained on or about May 14th, 1935? Answer Yes or No." Answer: "No."

"If you find from a preponderance of the evidence that he has not or will not sustain any partial incapacity, let your answer be 'No', otherwise, you will answer 'Yes.' "

Referable to the above issue, defendant objected to the court's charge: "Because the burden of proof is not placed upon the plaintiff, the party upon whom such burden belonged." The objection was overruled, to which action of the trial court the defendant excepted, and by its proposition No. 2 has presented for review the action of the trial court in overruling the

objection. The proposition asserts: (1) That the burden was upon the plaintiff to prove by a preponderance of the evidence that he did not suffer any partial incapacity as the result of the injuries complained of; and (2) that said charge did not so place the burden upon the plaintiff. We agree with the first section of appellant's contention above stated. In the circumstances in which the issue of partial disability was raised in this case (as a defensive issue to plaintiff's claim of total incapacity) the burden of proof was upon plaintiff to establish the negative of the issue, that is, to show that his incapacity was not partial. But we do not agree with the second section of appellant's contention above stated. The trial court's charge instructing the jury "if you find from a preponderance of the evidence that he (plaintiff) has not or will not sustain any partial incapacity, let your answer be 'No,' otherwise, you will answer 'Yes,'" clearly places the burden of proof upon the plaintiff, the party upon whom appellant claims it should be placed, to establish the negative of the issue, that is, "to prove by a preponderance of the evidence that he did not suffer any partial incapacity to labor as a result of the injuries complained of." The proposition is overruled.

■ The third proposition in appellant's brief complains of the court's definition of partial incapacity. Appellee has called our attention to the fact that the record fails to show that appellant's purported objections and exceptions to the definition of partial incapacity were ruled upon by the trial court. For such reason the objections may not be considered on appeal. 3 Tex.Jur. 584, Sec. 409.

■ Under its fourth proposition appellant complains of the action of the trial court in permitting the plaintiff's witness H. M. Piercy to testify over defendant's objection and before the jury "as to what the customary rate of pay which roughnecks received during the year before plaintiff received his injuries and that most of them got $6.00 per day and that throughout that year very few employers paid less than $5.00 per day and that during said year there were employers who paid more than $5.00 per day." Plaintiff pleaded his average weekly wage under all three subdivisions of Sec. 1, Article 8309, but the testimony showed that it could not be computed under subdivisions 1 nor 2, whereupon it became necessary to resort to subdivision 3. When the testimony of the witness is considered in connection with all the testimony, we think it was admissible upon the issue under subdivision 3, determining the average weekly wage of plaintiff that would be fair and just to both parties. Great latitude is allowed in evidence to be considered in computing claimants' average weekly wage under said subdivision 3. Traders & General Ins. Co. v. Powell, Tex.Com.App., 110 S.W.2d 559; Traders & General Ins. Co. v. Bulis, Tex. Com.App., 104 S.W.2d 488; Lumbermen's Reciprocal Ass'n v. Warner, Tex.Com. App., 245 S.W. 664; Traders' & General Ins. Co. v. Williams, Tex.Civ.App., 66 S. W.2d 780.

■ Appellant has grouped and briefed together its propositions Nos. 5, 6, 7 and 8. They complain of the action of the trial court in allowing plaintiff's average weekly wage rate to be determined under subdivision 3, Sec. 1, Art. 8309. The record shows that application of subdivision 1 was eliminated by undisputed testimony showing that plaintiff had not worked substantially the whole of the immediately preceding year in the same class of employment as that in which he was engaged at the time of his injury. Hence no issue was submitted thereon. Application of subdivision 2 was eliminated by a finding of the jury in response to special issue No. 14 "that there were not any employees of the same class as plaintiff, Jack Locklear, who performed the same or similar work to that which plaintiff performed for Joe Long Drilling Company on May 14, 1935, during substantially the entire year before May 14, 1935, in Upshur County, Texas, or vicinity," which finding is supported in the evidence. Subdivisions 1 and 2 being thus eliminated as a basis for computing the average weekly wage of plaintiff, resort was next had to subdivision 3, and the court submitted special issue No. 16, inquiring: "What amount of money, if any, do you find from a preponderance of the evidence to be the average weekly wage of plaintiff Jack Locklear that would be fair and just to both the plaintiff and the defendant?" The jury answered, "$35.00." That finding is also supported in the evidence. It is contended that elimination of the application of subdivision 1 as the basis for computing plaintiff's average weekly wage was upon plaintiff's testimony alone, therefore, the issue should have been submitted to the jury; that since the issue was not submitted to the jury and

no request made therefor, it must be presumed to have been waived by plaintiff, hence no authority for resorting to any other subdivision of the article. The contention is not sustained. That plaintiff had not worked as a roughneck, the class of work in which he was engaged at the time of his injury, during substantially the whole of the year immediately preceding his injury, was testified to by plaintiff and his wife and was corroborated by testimony of Mack Piercy, the driller under whom plaintiff was working at the time of his injury. Contention is also made to the effect that in determining plaintiff's average weekly wage under subdivision 3 the jury's consideration should have been limited to the evidence of the total amount *actually earned* by plaintiff during the year preceding his injury; that since the testimony did not show what the total amount actually earned by plaintiff was during the year immediately preceding his injury, there was no basis for computing his average weekly wage under subdivision 3. It appears from a consideration of all the testimony in this case that the wage rate found by the jury was fair and just to both parties. We do not think the provisions of subdivision 3 or the authorities construing same, restrict the Board or jury in determining what would be fair and just to both parties to a consideration alone of the wage actually earned by the claimant during the year immediately preceding his injury. In Traders & General Ins. Co. v. Bulis, supra, a more liberal rule than that here contended for is clearly expressed in the language of Judge Harvey as follows (104 S.W.2d page 490): "In view of the record before us, it is evident, that, whatever compensation Bulis is entitled to recover, the same should have been computed under subdivision 3 of article 8309, supra. A reading of this subdivision will disclose that it is very general in its provisions as to what shall be taken into consideration by the board in computing the average weekly wage thereunder. It simply provides that the average weekly wage thereunder 'shall be computed by the Board in any manner which may seem just and fair to both parties.' Under such provision no hard and fast rule can be announced that will govern the board in all instances. The statute clearly intends to clothe the board with broad discretionary powers in considering matters that bear on the question to be determined. The board may hear evidence regarding what the injured employee earned the year previous to his injury, and, further, it may hear evidence bearing on any other pertinent matter which may aid it in doing what is just and fair to both the injured employee and the insurance carrier."

The judgment of the trial court will be affirmed.