**FEDERAL UNDERWRITERS EXCHANGE v. ARNOLD.**

No. 13890.

Court of Civil Appeals of Texas. Fort Worth.

March 31, 1939.

Rehearing Denied May 5, 1939.

Wilkinson & Wilkinson, of Mount Vernon, and Benbow, Saunders & Holliday, Claude Williams, and Henry D. Akin, all of Dallas, for plaintiff in error.

Seb F. Caldwell, of Mt. Pleasant, and Phillips, Williamson & Smith, of Tyler, for defendant in error.

BROWN, Justice.

This is a workmen's compensation suit, and the principal basis for recovery is the fact that the employee, Arnold, who is defendant in error, sustained a double hernia while engaged in the performance of the duties for which he was employed. The jury found that the employee was totally and permanently incapacitated and judgment was therefore rendered for him for 401 weeks.

The cause having been appealed to the Court of Civil Appeals for the Texarkana District, same was transferred by the Supreme Court to this Court.

There are some 46 assignments of error, supported by 20 propositions.

The first, second and third propositions are, in substance, that the judgment is erroneous, in that the jury found that the employee did not sustain any injury to his body other than that he sustained the hernias complained of, and that the employee not having pleaded that he offered to submit to an operation, but that the insurance carrier, plaintiff in error here, refused to furnish him the operation, and no proof having been adduced showing that the employee offered to undergo the operation, but that the insurance carrier refused to furnish same, and no issue having been submitted to the jury touching these matters, therefore the trial court should have rendered judgment for the employee for the specific injury of hernia, and allowed compensation, under the statute, Vernon's Ann.Civ.St. art. 8306, § 12b, subd. 4, for only 26 weeks.

The contention is that these issues not having been submitted, they have been waived, and the further contention is made that the finding of the jury, to the effect that the employee did not sustain any injury other than the specific disability caused by the hernias, is in direct and irreconcilable conflict with the further finding of the jury that defendant suffered total and permanent disability.

We think that there is some merit in these contentions, but that we are powerless to reform and affirm, by rendering judgment for the employee for the said specific injury. We arrive at this conclusion because it was specifically alleged by the employee that the insurance carrier refused to furnish the operation, and an order of the Board was introduced in evidence, which demanded that the insurance

carrier furnish the operation for reducing the hernias, and a further order of the Board was introduced in evidence, which specifically recites that the insurance carrier has failed and refused to furnish the operation. Thus it may be readily seen that all of the allegations necessary for a full recovery on the part of the employee, because of his disability, have been made, saving and except the one that the employee was ready and willing to submit to the operation. There was no proof that the employee was willing to submit to the operation.

Therefore, we have concluded that one element necessary for a full recovery upon the part of the employee is lacking, both in the pleading and in the proof, and we believe that this necessitates a reversal by us and a remand, to the end that justice may be done between the parties.

■ We can see how an injured employee, who has suffered a double hernia, can be totally and permanently disabled to perform the usual tasks of a workman, and we can see why the Legislature has been wise enough to provide that where a hernia has been suffered and the Board has ordered an operation on the employee, who is willing to undergo the operation, and the insurance carrier has refused to furnish the operation, that then and in such event, the employee, if he has sustained the kind of hernia that will totally and permanently incapacitate him, should be permitted to recover more than the statutory recovery for a specific injury, to-wit, 26 weeks, but we believe that all necessary allegations to cover these matters should be made in the pleadings, that proof should be made covering such issues, and findings should be made thereon by the jury.

■ We do not agree with the contention that the finding by the jury that the employee did not sustain any injury other than the specific disability of hernia, is in direct and irreconcilable conflict with the finding that such employee has suffered total and permanent disability.

■ We do not think that there is any merit in the fourth proposition, wherein it is contended that the trial court erred in admitting the testimony of certain witnesses, touching the issue that there were no other employees of the same class as defendant in error, working in the same or similar employment, in the same or neighboring places, who had worked substantially the whole of the year immediately preceding the date on which defendant in error sustained his injury. The contention is that these witnesses based their testimony solely upon inquiries made by them and testified from unsworn statements of others who were not produced in court. The contention further being that this testimony was based in part, if not in whole, upon hearsay.

■ We think that the Workmen's Compensation Laws (Vernon's Ann.Civ.St. art. 8306 et seq.) should be liberally construed, and that a substantial compliance therewith is all that is sufficient, and where it devolves upon an employee to make proof of the facts here under discussion, we know of no better way to establish these facts than was done in the instant case.

■ Assuredly, an inquiry upon the part of any citizen to ascertain whether or not there were other employees engaged in the same class of work as that in which the injured employee was engaged, and ascertainment on his part by such inquiry that there were not, is testimony of some substantial probative force.

What is the material difference between this class of proof and that of picking a workman here, there and yonder, engaged in the same class of work or in kindred work, and asking such workman if he had worked for substantially a whole year during the 12 months prior to the employee's injury, and further, if he knew of any such employee who had worked such length of time during such period?

■ Furthermore, we are committed to the proposition that when an injured workman produces evidence of some probative force, covering these provisions of the Workmen's Compensation Laws, such testimony makes out a prima facie case, and common justice would require that the insurance carrier meet this testimony with proof showing that it is not correct, just as it devolves upon the insurance carrier to meet any other issue, after the employee has made out a prima facie case. Traders & Gen. Ins. Co. v. Bulis, 129 Tex. 362, 104 S.W.2d 488; Traders & Gen. Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650, writ dismissed, citing Fed-

eral Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031, writ dismissed. Therefore, we find no substantial merit in the fourth, fifth, sixth and seventh propositions.

■ The eighth proposition complains of admitting in evidence the testimony of a co-worker named White, who testified that defendant in error told him within a few days that he had got hurt. We think this proposition is good. The record shows that it was not a part of the res gestae, and same should have been excluded.

The ninth and tenth propositions complain specifically of admitting in evidence the testimony of Dr. Coats, who examined the defendant in error solely for the purpose of expressing his opinion, and the testimony of other medical experts who examined him solely for such purpose, because such expert witnesses testified to statements made by the defendant in error to them, in giving the history of his case.

[9-11] We understand that a physician who examines one solely for the purpose of giving his expert testimony will not be permitted to state, over objection, what is told him by the patient. We find that these experts testified that they reached their conclusion from their own examination and not from any statements or complaints made by the defendant in error. Therefore, we hold that their conclusions were admissible in evidence, but we do not believe that they should have been permitted to detail what the defendant in error told them with respect to his symptoms. The vice in admitting this character of testimony is pointed out in the opinion in Gaines v. Stewart, Tex.Civ. App., 57 S.W.2d 207.

■ The eleventh proposition complains that the trial court gave a general charge with respect to the submission of the case to the jury on special issues. We have carefully examined the charge and find no such vice therein.

■ The twelfth proposition complains that the issue of whether or not the defendant in error sustained an injury is entirely too broad as submitted. This issue merely required the jury to find from a preponderance of the evidence whether or not defendant in error "sustained an injury on or about the 7th day of November, 1936". We think the criticism is well taken, and that the issues should be submitted to cover the injuries that are actually pleaded and sustained by proof. We so held in two recent cases, namely, Security Mutual Casualty Co. v. Bolton et al., Tex.Civ.App., 84 S.W.2d 552, and Casualty Underwriters v. Lemons, Tex.Civ.App., 114 S.W.2d 333.

■ The thirteenth proposition complains that the trial court erred in refusing to include in his definition of the term "total incapacity" the additional provision that a person would not be totally incapacitated if, taking into account the nature of the physical injury, the occupation and suitableness of the injured employee to do some other kind of work than that which he was doing at the time of the injury, and his age at the time of the injury, such employee could do and perform other types of work than that in which he was engaged at the time of the injury in such a manner as to obtain and retain employment in such type of work.

We do not think this criticism is well taken, as we find that the trial court gave the approved definition of "total incapacity".

■ The fourteenth proposition complains that there was error in special issue No. 11, which inquires of the jury whether or not they find from a preponderance of the evidence that defendant in error sustained partial incapacity, in that the issue, as worded, places the burden of proof upon the insurance carrier. We think that this criticism is good. See Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S.W.2d 108, and Traders & General Ins. Co. v. Locklear, Tex.Civ.App., 119 S.W.2d 153, writ dismissed.

■ The fifteenth proposition complains that the trial court erred in submitting special issue No. 10 to the jury, which inquired whether or not the incapacity of defendant in error, shown by the jury's answers to issues 7 and 8, which issues inquired with respect to the total incapacity being permanent, is not partial. While we think the charge is somewhat clumsily prepared, yet we think that its meaning is plain and that the jury could readily understand the inquiry.

■ The sixteenth, seventeenth and eighteenth propositions complain because

the court did not submit to the jury an issue on the question of whether or not the incapacity suffered by defendant in error is the result of a congenital condition and the result of arthritis and the result of kidney stones. We do not find in the statement in the brief where any such issues were requested of the trial court, and we therefore think there is no merit in the contention. More especially do we reach this conclusion because the court did inquire of the jury to ascertain whether or not the defendant in error's incapacity is due solely to disease.

The nineteenth proposition complains of the trial court overruling plaintiff in error's plea to the jurisdiction of the trial court, which is predicated on the theory that the award of the Industrial Accident Board is not a final or definite award, in that it is not for a definite period of time nor for a definite amount of compensation, and because it is subject to future changes and subsequent awards of the Board.

This is a hernia case and we do not think the criticism is good. We think the award made by the Board is such that it could be appealed from, if the insurance carrier did not care to furnish the employee an operation. It is easy to see that had the operation been furnished, after the order of the Board was made, the Board could have and it would have been its duty to enter such changed order as the conditions required.

The twentieth proposition complains because the trial court did not give the insurance carrier a peremptory instruction, basing its claim to such instruction on the theory that there is no proof that the insurance carrier is such a legal entity as is capable of being sued and having judgment rendered against it, as such. Our answer to that is that the defendant in error set out in its pleading exactly who and what this insurance carrier is, and the insurance carrier, under such name and as such entity, appealed from the award of the Industrial Accident Board and invoked the jurisdiction of the trial court, and it ill behooves the insurance carrier at this stage of the proceedings to now assert that it is not what the employee alleged it to be, nor what it alleged itself to be.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.