**TEXAS EMPLOYERS INS. ASS'N v. SHACKELFORD.**

No. 5850.

Court of Civil Appeals of Texas. Texarkana.

Dec. 4, 1941.

Rehearing Denied Jan. 8, 1942.

Ramey, Calhoun, Marsh & Sheehy and Joe W. Sheehy, all of Tyler, and Caves, Waldrop & Shaw, of Henderson, for appellant.

W. L. Oliphant, of Dallas, for appellee.

JOHNSON, Chief Justice.

This is a suit arising under the Workmen's Compensation Act, R.C.S., Title 130, Art. 8306 et seq., Vernon's Ann.Civ.St. art. 8306 et seq., wherein plaintiff, Thomas Shackelford, an employee of Beckman, Inc., of which defendant Texas Employers Insurance Association, was the compensation insurance carrier, claims to have received on July 20, 1939, in the course of his employment, a general injury resulting in total and permanent disability to

work. Upon a verdict in favor of plaintiff in response to special issues, judgment was entered awarding him compensation for total temporary incapacity, at $20 per week for 200 weeks from July 20, 1939, and no partial incapacity. Defendant appealed.

Appellant's 1st, 2d and 3d propositions complain of the action of the trial court in overruling its pleas in abatement and motion to dismiss the suit for want of jurisdiction, because, it is contended, the action of the Industrial Accident Board on plaintiff's claim constituted no more than interlocutory orders and not such a final ruling or decision as would support an appeal therefrom. An appeal lies only from a "final ruling and decision" of the Industrial Accident Board. R.C.S. Art. 8307, § 5, Vernon's Ann.Civ.St. art. 8307, § 5. No appeal may be had from an action of the Board which constitutes merely a preliminary ruling or decision. Tally v. Texas Employers' Ins. Ass'n, Tex.Com. App., 48 S.W.2d 988. However, we think the action of the Board from which appellee appealed constitutes such a final ruling and decision as authorized the appeal and filing and prosecution of this suit. The facts show that appellee sustained a hernia and injury to his back (a general injury) at the same time. In his claim filed with the Board he described said injuries and indicated to the Board that his claim was made for the general injury only by expressly stating that "this claim is made for total and permanent disability." On October 16, 1939, the Board made its ruling and decision whereby the Board intended to and by implication in fact did finally deny the claim as made for general injury, and ordered appellee to submit himself for operation for hernia, and further directing procedure as provided for by Article 8306, Sec. 12b in claims for hernia only. Appellee in due time gave notice of appeal and filed suit, cause No. 14590 in the District Court of Rusk County, to recover for total and permanent disability claimed to have resulted from the alleged general injury. Appellant filed a plea in abatement, claiming that the action of the Board from which the appeal was taken did not constitute a final ruling or decision. On October 30, 1939, the Board reset the case for hearing before it on November 7, 1939. This setting was cancelled by the Board and by letter dated December 5, 1939, the Board advised appellee's attorney as follows:

"We are in receipt of your favor of the 4th inst., and in reply thereto beg to advise you that it was the Board's intention, by its award of October 16th, 1939, in the above styled and numbered cause, to deny all claim for compensation in said claim, except the claim for hernia.

"We decline to make a further award with respect to the hernia claim, because suit has theretofore been filed in the District Court by the claimant."

Appellee gave notice of appeal from the action of the Board as expressed in and evidenced by its said letter of December 5th, and thereupon filed suit, cause No. 14640 in the District Court of Rusk County, to recover for total and permanent disability for his alleged general injury. Appellant filed a plea in abatement to this suit same as in the first suit. The pleas in abatement were overruled to which appellant excepted. The two suits were consolidated. Upon trial of the consolidated case, appellant again filed pleas in abatement or motion to dismiss for want of jurisdiction (which were overruled) contending that neither of said suits nor the consolidated suit was predicated upon a sufficient final ruling and decision of the Board. We think that the order of the Board entered October 16, 1939, proceeding under the provisions of Article 8306, Sec. 12b for hernia only by necessary implication effected its final ruling and decision intending thereby to finally deny appellee's claim for general injury as much so as if such decision had been expressed. As applied to court judgments, the general rule is that all claims or issues not expressly disposed of are by implication disallowed against the party asserting same. 25 T.J. 369, § 7. The rule of interpretation ought to be as liberal, if not more liberal, when applied to an order of the Industrial Accident Board in determining its sufficiency as a predicate for appeal, as when applied to a court judgment. We do not say that appellee could not have waited until the hernia proceedings had been finally disposed of and then given notice of appeal and thereupon filed suit to recover for general injury, and for the hernia in the alternative. But if he was willing to run the risk of waiving or otherwise losing his right to compensation for the hernia, by taking his chances at recovery upon his claim for the general in-

jury only, we see no just reason for not allowing him to do so by appealing from the final decision of the Board rejecting such claim. The fact that appellee sustained a hernia did not confine him to recovery for hernia only, if at the same time he received an injury to his back which resulted in disability for work. In Texas Employers' Ins. Ass'n. v. Neatherlin, Tex.Com.App., 48 S.W.2d 967, 969, it is said:

"In Petroleum Casualty Co. v. Seale [Tex.Com.App.], 13 S.W.2d 364, 366, approved by the Supreme Court, it was held by this section of the Commission: 'We do not mean to hold that an employee who has received an injury to a specific member of the body is confined to a recovery of the compensation specially provided for such injury if he is able to allege and prove other injuries or if it be fairly shown that the injury to the specific member has involved other portions of his body or affected his general health. Under such allegations and proof he may be entitled to have his injury compensated under the more liberal provisions of the act,' citing in support thereof: Lumbermen's Reciprocal Association v. Pollard, Tex.Com. App., 10 S.W.2d 982; Texas Employers' Insurance Association v. Moreno, Tex. Com.App., 277 S.W. 84; Lumbermen's Reciprocal Association v. Anders, Tex.Civ. App., 292 S.W. 265, 267."

In Texas Employers Insurance Ass'n v. Perry, Tex.Civ.App., 35 S.W.2d 1087, 1089, writ refused, Judge Levy speaking for this Court, said:

"In such interpretation it may not be concluded that the appellee's claim before the board was intended to be confined to the injury merely of hernia. Nor can it be concluded that the appellee intended to claim as injuries only such pains to the back and left side as directly followed or originated from the hernia. The claim before the board can fairly be regarded as intended to describe concurrent hurts sustained to other parts of the body independent and exclusive of the injury resulting in the hernia and the pain accompanying hernia. In this view, then, the appellee had the right in his present petition by proper allegations to amplify or make more specific the hurts which were only generally described in the claim of injury presented to the Board. Texas Emp. Ins. Ass'n v. Knouff, Tex.Civ.App., 271 S. W. 633; Tex. Indemnity Ins. Co. v. Wilson, Tex.Civ.App., 281 S.W. 289. He would not be confined by the law to compensation for the injury resulting in hernia, if proof, admitted under proper allegations, showed other compensable hurts. United States Fidelity & Guaranty Co. v. Pogue, Tex. Civ.App., 21 S.W.2d 43."

■ Appellant's 4th, 5th and 10th propositions assert that the trial court erred in overruling its objections and exceptions to special issue No. 1, reading as follows:

"Do you find from a preponderance of the evidence that on or about July 20th, 1939, Thomas C. Shackelford sustained a right hernia combined with injury to his lower back? Answer 'Yes' or 'No.'"

Answer: "Yes."

It is contended that the issue is multifarious, that it inquires as to two controverted ultimate issues of fact, namely, whether or not appellee sustained a right hernia and whether or not he sustained an injury to his lower back; and that the issue was on the weight of the evidence. We overrule the propositions as not presenting reversible error. The ultimate issue was as to whether or not appellee had received injury as described in his petition. He was not seeking any recovery for the hernia specifically. Description of the injury as contained in the issue was in conformity with and to identify it as that contained in his pleadings and as supported in the testimony. Southern Underwriters v. Stubblefield, Tex.Civ.App., 130 S.W.2d 385; Security Union Ins. Co. v. Guthrie, Tex.Civ.App., 41 S.W.2d 315; Texas Employers Ins. Ass'n v. Rowell, Tex.Civ.App., 104 S.W.2d 613. It is to be further observed that in answer to subsequent issues separately submitted the jury found that appellee sustained a right hernia, but that the injury sustained by him did not result in hernia only.

■ Appellant's 6th, 7th and 8th propositions assert that the trial court erred in submitting to the jury the manner of determining appellee's average weekly wage rate under subsection 3, of Sec. 1, of Art. 8309, R.C.S.1925, it being contended that appellee had not discharged the burden of showing that his average weekly wage rate could not be shown under subsections 1 or 2 of Sec. 1 of said article. The contention is not sustained. Plaintiff testified in substance that he had been working for Beckman, Inc., in the East Texas oil field for more than two

years preceding his injury, "drilling in and cleaning out oil wells"; that he was paid 90¢ per hour and worked from eight to twelve hours per day; that he had not worked as many as 300 days during the year next preceding the date of his injury; that he did not know of any employee who had worked as many as 300 days during said year doing the same or similar work; that the time lost in going from one job to another would prevent employees engaged in the particular type of work he was doing from working as much as 300 days per year; that the payroll records of Beckman, Inc., would show the exact number of days he had worked; that there could have been some employee doing that type of work in the field who worked as many as 300 days, but that he did not know of any. J. J. Jennings testified that he had been in the employ of Beckman, Inc., for two years prior to appellee's injury; that he, Jennings, kept the office, the books, the payroll, and kept check on the employees of Beckman, Inc., and the number of days each employee worked; that they were engaged in operating a particular machinery in drilling in and cleaning out oil wells by a process known as "reverse circulation"; that no other concern operated that kind of machinery in that field that he knew of, and that it was a part of his duty to know whether any other concern in that field was doing that particular type of work; that appellee worked 132 days during the year immediately preceding his injury and was paid $829; and that no other employee worked as many as 300 days doing the same kind of work in which appellee was engaged; that there were other concerns in the East Texas field engaged in drilling in and cleaning out oil wells, but that "they are cable tool operators and we are engaged in a different business; that both are drilling in and cleaning out oil wells, but in a different manner and with a different character of machinery." This testimony was in no way disputed. See American Surety Co. v. Underwood, Tex.Civ.App., 74 S.W.2d 551, 553; Traders & General Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W. 2d 650, 653.

We overrule appellant's 9th proposition because we do not think that the evidence is sufficient to raise an issue showing that the disability existing in appellee's back is due solely to a pre-existing disease or a disease not naturally resulting from the injury.

 Appellant's 11th and 12th propositions complain of alleged misconduct of the jury. The testimony of the jurors on hearing of the motion for new trial raised a disputed issue of fact as to whether or not the alleged misconduct actually occurred. The issue was concluded against appellant by the action of the trial court in overruling the motion. Texas Employers' Ins. Ass'n v. Chocolate Shop, Inc., Tex.Com.App., 44 S.W.2d 989.

The judgment is affirmed.