TEXAS EMPLOYERS' INS. ASS'N

v.

BLANTON.

No. 6733.

Court of Civil Appeals of Texas.

Texarkana.

March 11, 1954.

Rehearing Denied March 25, 1954.

Ramey, Calhoun, Brelsford & Hull, Vincent Ferrel, Tyler, for appellant.

Gordon R. Wellborn, Rex Houston, William L. Ferguson, Henderson, for appellee.

WILLIAMS, Justice.

In this action by appellee Walter Blanton, herein called claimant, to set aside an award of the Industrial Accident Board and to collect compensation insurance on account of personal injuries alleged to have been suffered by him on or about April 29, 1952, while in the discharge of his duties as a manual laborer in the employment of Oil Mill and Fertilizer Works of Henderson, Texas; he was awarded judgment for total permanent disability in a lump sum, based on $25 weekly benefits for 401 weeks. The points presented relate solely to the character of the evidence adduced to establish or support the jury's findings to special issues Nos. 11 and 12, and an alleged conflict in such findings to the jury's answer to special issue No. 13.

Special Issue No. 11, which was answered "Yes," reads: "Do you find from a preponderance of the evidence that there was an employee of the same class as Walter Blanton working substantially the whole of the year immediately preceding April 29, 1952, in the same or similar employment, in the same or a neighboring place?"

Special Issue No. 12, which was answered "$8.00," reads: "If you have answered special issue No. 11 by 'yes' and in that event only, then you will answer this issue: What do you find from a preponderance of the evidence to be the average daily wage of such other employee, if any you have found. Answer in dollars, if any, and in cents, if any."

Special Issue No. 13, which was answered "$7.50," reads: "From a prepon-

derance of the evidence, what sum of money do you deem just and fair to both plaintiff and defendant, to be the average daily wage for plaintiff for the year immediately preceding April 29, 1952?"

Claimant's employer was engaged in the manufacture of fertilizer, and operated machinery in its plant to crush lumps and chunks of ingredients, to grind, mix and sack same for the market. In the rush season of its operation it employed extra help. Claimant with the use of a pick was undermining a pile of fertilizer preparatory to pulverizing operations when a cave-in of the pile caught him. He had been in the employment of the Fertilizer Works, the only one in the area, only nineteen days at the time he was injured. Claimant and such other seasonable employees working in this plant doing substantially the same work were paid 75¢ per hour on a 40-hour work week. A straw boss or sub-foreman was paid 80¢ an hour. During the year prior to his employment in the fertilizer works, claimant had worked several months as a handy man on two construction jobs for which he received $1 an hour for a 40-hour week. He performed manual unskilled labor on all the jobs. No claim is made by either litigant that subsec. 1 of sec. 1 of art. 8309, Vern.Texas Ann.R.S. is applicable under the record in determining the wage scale.

Subsec. 2 of sec. 1 of art. 8309, supra, provides: "If the injured employe shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have · earned in such employment during the days when so employed." In support of claimant's pleadings to establish the wage scale of subsection 2, his witness C. J. Elliott, a public accountant who had supervised the financial books of various business concerns in Rusk and Gregg Counties including Hack-er Machine and Supply Company, was permitted to testify over appellant's objections about the wages that one Jimmy Little had earned during the preceding twelve months and the general type of labor he performed as an employee of the latter company. Appellant urged then as now that the earnings of Little related to a different kind and type of employment than that in which claimant was engaged as an employee of the fertilizer plant, in that the respective employers were engaged in distinct and different type of operations. This testimony of Elliott being the only evidence adduced in support of the jury's findings to special issues Nos. 11 and 12, appellant further contends the evidence was insufficient to base an affirmative answer to special issue No. 11 and therefore claimant had not discharged his burden of proving the non-existence of an employee doing similar work in the same or a neighboring place, as provided for under subsec. 2, supra, before submitting special issue No. 13.

Hacker Machine and Supply Company which operated a general machine repair shop in Henderson, Texas, the same area, was engaged in the repair of mowing machines, plows, and other farm equipment which composed about one-half of their volume. The other part of its volume was in the manufacture of oil field equipment such as rotary tables, swivels, blocks and things of this nature. Henderson, Texas, is situated in both an agricultural and oil-producing area. The testimony would indicate that the Hacker firm employed a great deal more machinery in its operations than the fertilizer works. The wage scale of $1 an hour paid Little as testified to by Elliott would not indicate that Little operated any machinery nor that he was a skilled employee. Little had earned $3,926 during the preceding twelve months as an employee of the Hacker firm based on $1 per hour plus time and a half for over forty hours per week.

The similarity in many respects of the labor performed by Little as related by Elliott to that performed by claimant as detailed by others justified the submis-

sion of special issue No. 11 to the jury, the trier of the facts. The jury having answered special issue No. 11 in the affirmative,—this reviewing court, under the rule stated in 3B Tex.Jur. (Appeal and Error), § 911, and the authorities there collated, will not disturb such jury finding. It was within the province of the jury to conclude from the services performed by claimant and Little in their respective employment that both these colored men performed unskilled manual common labor on their respective jobs such as that under all the evidence each would be termed a utility man. Travelers Ins. Co. v. Giacomino, Tex.Civ. App., 99 S.W.2d 632; Texas Employers Ins. Ass'n v. Shackelford, Tex.Civ.App., 158 S.W.2d 572; and Traders' & General Ins. Co. v. Bulis, 129 Tex. 362, 104 S.W.2d 488, cited by appellant in support of above mentioned points have been reviewed. No quarrel is to be picked to the application of the statute to the facts involved in the cited cases. The conclusions here reached are grounded on a distinct group of facts, not common to those involved in the cited cases.

Special Issue No. 13, which was unconditionally submitted, involved subsec. 3 of sec. 1 of art. 8309, supra, which reads: "When by reason of the shortness of the time of the employment of the employe, or other employe engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties." It is to be observed that the jury found in answer thereto that $7.50 a day as the average daily wage for claimant for the preceding year was just and fair to both claimant and appellant. The evidence hereinbefore detailed will support this finding. The findings as to special issues Nos. 11, 12 and 13 are each

ultimate issues. No motion for judgment non obstante veredicto was filed. Neither do the award in the judgment for compensation of $25 a week nor the recitals in the judgment disclose whether the award is based on special issues Nos. 11 and 12, or on special issue No. 13, or on all of them.

■ Such a situation brings us to the decision in Southern Underwriters v. Gariepy, Tex.Civ.App., 105 S.W.2d 760, 762, which observed under a similar record on procedure as above stated, that "according to the jury's findings he is entitled to recovery under first subsections 1 and 3 (here 2 and 3)"; and "where findings of the jury on material issues are irreconcilable, contradictory, and conflicting," concluded that "judgment cannot properly be rendered thereon," and "the court should have declared a mistrial." The decision in Mullens v. Texas Indemnity Ins. Co., Tex.Civ.App., 158 S.W.2d 861, 863, holds to the contrary. There the court concluded "Since the jury found in the case at bar the existence of the facts making the provisions of Subdivision 1 applicable and controlling, their further findings of the existence or non-existence of the conditions set forth in Subdivisions 2 and 3 of the statute became wholly immaterial", citing Texas Employers' Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399, and Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553. In the instant case the compensation weekly benefits, calculated under the jury findings to special issues Nos. 11 or 13 would exceed the maximum benefits of $25 per week allowed under sec. 10 of art. 8306, Vern.Ann. Texas Civil Statutes, as amended by the Acts of our 50th Legislature in 1947, when calculated under subsecs. 2 or 3 of art. 8309, supra. Because the alleged conflict is here immaterial, in that the same award can be based upon either finding, the judgment is sustained under the holding of Mullens v. Texas Indemnity Ins. Co., supra.

The judgment is affirmed.