**SAFETY CASUALTY COMPANY,**
Appellants,
v.
**Oscar Homer BROWN, Appellee.**
No. 15763.

United States Court of Appeals
Fifth Circuit.
Feb. 13, 1956.

Rehearing Denied April 24, 1956.

Frank C. Bolton, Jr., Earl A. Brown, Chas. B. Wallace, Dallas, Tex., for appellants.

Joe E. Kelly, Victoria, Tex., Thomas R. Bell, Edna, Tex., Kelly, Hunt & Cullen, Victoria, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

BROWN, Circuit Judge.

Since the jury found on special issues, Fed.Rules Civ.Proc. 49(a), 28 U.S. C.A., that no earlier injury had occurred in February 1949, the Insurer contends that the claim [1] filed with the Industrial Accident Board, Art. 8307, § 4a, Rev.Civ. Stat. of Texas, Vernon's Ann.Civ.St. art. 8307, § 4a, was insufficient to give the District Court jurisdiction over, and to allow recovery for, the injury of January 26, 1954. We do not agree.

---

[1]. The formal claim on an official form states:

"Describe accident and your injury (in your own words)"

"On March 11, 1949, I was lifting pipe while working on a drilling rig for Magnolia Petroleum Company at Vanderbilt, Texas, when my back began to ache and I consulted a doctor in Edna. Thereafter as I continued working for the company on the drilling rig my back became steadily worse until January 26, 1954, and because of work on the drilling rig I was unable to continue doing the type of work which I had been doing and on advice from Dr. J. J. Holloman

I was informed that I had a ruptured disc in my spine and he advised not to return to the type of work which I was doing. After January 26, 1954, I was fitted for a brace in Houston but since the company did not agree to pay for same, I never received the brace. In September, 1953, I was sent to Dr. Amos Graves in San Antonio, a company doctor who gave me a release to go back to work but told me to take off one month before returning to work."

A further printed and typed statement appeared:

"I was injured on original injury March 11, 1949, Re-injury—Jan. 26, 1954."

Accepting, in this diversity action, the clearly established doctrine that since the trial *de novo* of a Texas compensation case is that of the claim first submitted to the Industrial Accident Board which makes it essential that both be the same, Booth v. Texas Employers' Insurance Association, Tex. Com.App., 132 Tex. 237, 123 S.W.2d 322; Associated Indemnity Corporation v. Kujawa, Tex.1954, 268 S.W.2d 122; Texas Employers' Insurance Association v. Patterson, Tex.Civ.App., 231 S.W.2d 898, (error refused), we think that the Claim, Complaint, evidence, verdict and judgment here relate to the identical occurrence and that is sufficient.

It was conceded on argument, and the record clearly affirms, that ample evidence existed to establish a specific occurrence on January 26, 1954, having the requisite characteristics of an accidental injury, Rev.Civ.Stat. of Texas, Art. 8309, § 1, Vernon's Ann.Civ.St. art. 8309, § 1, and that this event exerting its effect on the plaintiff's back in his then condition (whether due to ordinary personal infirmities or aggravating a condition caused initially by the asserted event of 1949) was the probable cause of his permanent-partial (25%) incapacity. The jury's verdict finding no prior 1949 injury eliminated that as a possible ground for apportionment as a second injury under Art. 8306, § 12 (c), Rev.Civ.Stat. of Texas, Vernon's Ann.Civ.St. art. 8306, § 12(c), and specific reference to it in the detailed formal Claim did not expand it into something else.

■ The purpose of the Claim is to identify the event and its injurious consequences sufficiently to enable an intelligent investigation to be undertaken by employer or insurer to verify or refute the occurrence or the resulting injuries. This fosters the policy of the Act to afford compensation payments without delay while they are most needed and without the cost or expense of administrative or judicial trials. And, where the Claim is not disposed of before the Board, the Claim enables all to know what is the real subject of the statutory suit to set aside the Award.

■ This Claim fully met these requirements. It specified an occurrence, January 26, 1954, while working on a drilling rig and the medically injurious consequences were characterized as a ruptured disc. This was the same event and result as that described in the trial testimony. That it was a re-injury or an aggravation of a prior condition or might not have had such disabling consequences to a person having no such history, did not alter the event, as such, or the described disability.

Once it is determined that the Claim adequately described the event and injury of January 26, 1954, the contention that good cause was not shown to exist for failure to file claim within six months of the 1949 injury, Art. 8307, § 4a, Rev.Civ.Stat. of Texas; Texas Employers' Insurance Association v. Portley, Tex., 263 S.W.2d 247; Texas Employer's Insurance Association v. Guidry, Tex.Com.App., 128 Tex. 433, 99 S.W.2d 900; Cf. Bennett v. Great American Indemnity Co., 5 Cir., 164 F.2d 386, is eliminated altogether.

■ These are the only points of substantial merit for with an admitted actual wage, as a regular, long-time employee of the employer, at a rate producing $90.00, or more, per week, the Special Finding of an average weekly wage of $90.80 by the jury under Subdivision 3 of Art. 8309, § 1, was in fact "just and fair to both parties." [2]

Subdivision 1, Art. 8309, § 1, was overwhelmingly negatived and where there is not even a pretense of demon-

---

2. On the basis of substantial, regular compensation, a reconstruction of his earnings on the accepted formula of a work-year of 300 days, Traders & General Ins. Co. v. Bulis, Tex.Com.App., 129 Tex. 362, 104 S.W.2d 488, produces:

$$\frac{\text{Hourly rate } \$2.27 \ \times \ 8 \text{ hrs.} \ \times \ 300 \text{ da.}}{52 \text{ wks.}} = \frac{\$104.77 \text{ avg.}}{\text{wkly. wage}}$$

strating substantial and real harm,[3] a reversal for a retrial limited to this single, narrow issue alone would be out of harmony with the spirit of the Act and the Texas authorities[4] requiring only the slightest showing, satisfied here, to exclude the application of Subdivision 2.

The judgment was right and is, therefore, affirmed.

for which an award for 25% permanent-partial disability would be $15.71 weekly, instead of $13.50 as adjudged.

3. F.R.C.P. Rule 61. Harmless Error:
"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

4. Employers' Liability Assur. Corp. v. Manning, Tex.Civ.App., 188 S.W.2d 268 (error refused want of merit); Postal Mut. Indemnity Co. v. Penn, Tex.Civ.App., 165 S.W.2d 495 (error refused want of merit); Federal Underwriters Exchange v. Porterfield, Tex.Civ.App., 182 S.W.2d 847 (error refused want of merit); Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755 (N.R.E.); Texas Employers' Ins. Ass'n v. Rigsby, Tex.Civ.App., 273 S.W.2d 681; the trial court here, categorically finding Subdivision 2 not applicable, determined that the testimony was the statement of a negative fact and not, as in Texas Employers' Ins. Ass'n v. Ford, Tex., 271 S.W.2d 397, an acknowledgment of ignorance of facts.